J. E. PACE, ADMINISTRATOR, APPELLANT, vs. ISAAC M. LA-
NIER, ADMINISTRATOR, APPELLEE.

1.  The statute regulating appeals in cases at law provides that the party appealing, if defendant, shall give a bond, specifying its condition, "with *one or more securities* in a sum sufficient to cover the amount for which judgment has been given, *   *   with costs."  A motion to dismiss an appeal in a case at law on the ground that each of the two securities on the appeal bond is bound in a sum only half that for which the appellant is bound, will not be granted, assuming that the ground of the motion constitutes an irregularity in the bond, when the motion is not made until after all remedies for reviewing the judgment appealed from have become barred by the lapse of time, and the appellee has previously appeared and taken proceedings in the appellate court where the cause has been pending for several terms.

Appeal from the Circuit Court for Orange county.

Motion to dismiss the appeal.

The facts of the case are stated in the opinion of the court.

*W. R. Anno* for motion.

RANEY, C. J.: This is a motion by the appellee, Isaac M. Lanier, administrator, to dismiss the appeal.

The facts of the case, so far as they need be stated in deciding this motion, are as follows: John Lanier in his lifetime recovered of M. J. Doyle, the intestate of the present

appellant, a judgment for $3,266.56 and $37.56 costs, in the Circuit Court of Orange county, on June 7th, 1887. Doyle appealed, and the transcript of the record was filed in this court on October 28th, 1887, the appeal being returnable to the January term, 1888, at which term, as at the following June term, the cause was continued. Doyle and John Lanier both having died intestate, certified copies of letters of administration were filed here in March, 1888, and their deaths were suggested at the January term, 1889, and Pace was made party appellant, as administrator of Doyle's estate, and Isaac M. Lanier was made party appellee as administrator of John Lanier. The cause was continued to the present term. J. H. Allen, an attorney of this court, has appeared for appellee up to this term. At the January term, of the present year, a motion was made before us by counsel on behalf of the appellee to supply a deficiency in the transcript of the record on file here by inserting therein a joinder of issue on Doyle's pleas, the motion purporting to be based on affidavits to the effect that such joinder of issue was filed in the court below before the trial of the cause there, but that it was not there at the date of the motion here, nor when the record on file here was certified by the clerk of that court. This motion, after being called to the attention of the court, was abandoned.

The ground of the motion to dismiss the appeal is, that each of the two sureties in the appeal bond is bound in the sum of only $1,850, whereas, the principal, Doyle, is bound in the sum of $3,700 as the penalty of the bond.

The statute provides that the party appealing, if defendant, shall give "a bond, with one or more securities, in a sum sufficient to cover the amount for which judgment has been given, * * with costs."

What would be our decision if this objection had been taken with reasonable promptness after the entry of the

appeal, it is not necessary for us to say, nor have we reached any conclusion on the point, but coming as it does after the proceedings detailed above have been taken here, and, further than this, after more than two years have passed since the entry of the judgment appealed from, by which lapse of time all remedies for reviewing judgments at law are barred, an appeal having to be taken in thirty days, and a writ of error in two years, we do not think the motion should be granted.

Of course one good surety bond in the same sum as the defendant or principal is, would be sufficient under the terms of the statute. The objection to having several sureties who are each bound in a less sum than the principal in the bond, is one of inconvenience ; and, as there are in the case before us two persons actually bound for what it may be, strictly speaking, only one, or where there are two or more sureties, each of them, should be bound for, we do not think, considering the circumstances set out above, that the inconvenience to the appellee can be sufficient to outweigh the injury which would result to the appellant if his appeal should be dismissed—an injury that would not arise from a dismissal had there not been laches on the part of appellee.

This is of course a distinct case from one in which the sureties are each bound in the same amount as the principal in the bond, but each justifies for less, yet the aggregate of the sums for which the several sureties justify equals the amount of the penalty of the bond.

The motion is denied.