THOMAS N. ANDERSON, ET AL., APPELLANTS, VS. NA-
THANIEL WEBSTER, APPELLEE.

An appeal will not be dismissed on motion of an appellee, for laches and irregularities, not harmful to him, where he has delayed making his motion for more than a year after the appellant has submitted the cause on its merits, and for nearly two years after the term to which the appeal was brought, and of which appeal he had due notice, and for more than two years from the entry of the judgment appealed from; within which last period appellant might have brought a writ of error had the appeal been dismissed within it.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

Motion to dismiss Appeal.

*A. W. Cockrell & Son* for Motion.

*H. H. Buckman, contra.*

RANEY, C. J. :

Webster recovered a joint judgment for $925.45 against Antonio Solary and Thomas N. Anderson, June 5th, 1890. Solary entered an appeal in the name of himself and Anderson, on the 10th day of the same month, to the January Term, 1891, of this court; and on the 5th day of July, Solary, by his attorney, H. H. Buckman, who had been attorney for both Solary and Anderson in the action, and who had acted for Solary in entering the appeal, filed a præcipe for citation to Anderson, and on the same day citation issued to Anderson, citing and admonishing him to appear at the stated January Term of this court "and join in the prosecution of the appeal, or else severance would be had," etc., etc. Service of this writ was accepted for Anderson by the named counsel as attorney for Anderson on the same day; on which day also Solary filed an appeal bond executed by himself and one surety, payable to Webster, reciting the fact of the recovery of the judgment, and of the entry of the appeal by the defendants, and conditioned that Solary and the surety should pay, etc.; which bond was approved by the clerk. Citation, reciting the judgment and the entry of the appeal therefrom by the defendants, issued to Webster to appear at the mentioned term of this court and show cause why the judgment should not be reversed, and service thereof

was accepted by his counsel now moving in his behalf. At the June Term, 1891, the cause was submitted on its merits by Mr. Buckman, the heading to his brief being: "Brief and Argument of Counsel for Appellant," the designation after his signature being, however: "Solicitor for Appellants." In September of this year, Webster gave notice of a motion to dismiss. Our conclusions are as follows: That as the appellee has waited nearly two years since the term to which the appeal was taken, and until after the lapse of the two years from the entry of the judgment, within which period Solary might have brought a writ of error had this appeal been dismissed within that time, that he should not be permitted at this time to raise the questions presented. The proceedings in the entry of the appeal, and giving bond, and issuing citation to Anderson were substantially correct. Whitlock vs. Willard, 18 Fla., 156. The irregularity of Mr. Buckman's accepting service for Anderson (which there is no pretense he was not authorized by Anderson to do), when he was acting for Solary as sole appellant, does no harm to Webster, nor does Solary's delay in taking the proper order in this court as to the further prosecution of the appeal in his own name. No harm results to Webster from any of these irregularities. Having due notice of the appeal, his laches in making this motion are equal of those of the appellant in taking the order of severance here, and he is protected by the bond against the only real appellant

in the cause. The inconsistency in the heading and conclusion of the brief is of no moment, as looking at the whole record, we think that Solary is the only real appellant in the cause. A different conclusion would give Webster an advantage as a result of his own delay, and on a mere formal point. The disposition of the court is not to encourage this practice. Pace vs. Lanier, 25 Fla., 558; 6 South. Rep., 262.

The motion is denied.