ANTONIO SOLARY, APPELLANT, VS. NATHANIEL WEBSTER, APPELLLE.

1. The common law rule is, that to authorize a recovery on a bond of indemnity, as distinguished from one of indemnity and also against liability, actual damage must be shown by the plaintiff.

2. The general rule is, that verbal contemporaneous agreements are inadmissible to contradict or vary the terms of a valid plain written instrument, but in order to arrive at the correct meaning of the language of a contract, and to make a correct application of the terms used to the subject-matter and objects referred to therein, where such matters are left in doubt, the surrounding circumstances may be considered, and they are not excluded under the general rule mentioned.

3. A suit on a bond reciting that the obligee therein had settled in full with the obligor under a certain contract for the improvement of a hotel by paying a sum mentioned in full of all demands, and conditioned that the obligor should well and truly pay off his sub-contractors, laborers and material men, so that no lien should attach or be asserted against the building or land on which it was situated, and hold the obligee harmless against any and all claims for labor or material used or contracted for by the obligor in or about the improvement of the building, and the claim sued for was alleged to be for material used by the obligor in and about the building, a plea interposed alleged in substance that the claim sued on was a demand due from the obligor in the bond to the obligee and that in the settlement made between them at the time of the execution of the bond the said claim had been adjusted and paid in full; *Held*, That the plea was good on demurrer.

Appeal from the Circuit Court for Duval county.

### STATEMENT.

Appellee instituted suit in 1887 against appellant and Thomas N. Anderson on the following bond, *viz:* "Know all men by these presents that we, Thomas N. Anderson, principal, and Antonio Solary, surety, are held and firmly bound unto Nathaniel Webster in the sum of one thousand dollars, for the payment of which we bind ourselves, our heirs, executors and administrators firmly by these presents. Signed and sealed at Jacksonville, Florida, this 17th day of March, A. D. 1886." The condition of the above obligation is such, that whereas, the said Nathaniel Webster has this day settled in full with the said Thomas N. Anderson under a certain contract for the extension and improvement of the 'Everett Hotel,' in the city of Jacksonville aforesaid, by the payment of twenty-five hundred dollars, which amount the said Anderson has received in full of all demands; and whereas, the said Anderson

has agreed to secure the said Webster against all claims and demands for labor or material used in the extension and improvement of said hotel, now if the said Thomas N. Anderson, his executors or administrators, shall well and truly pay off his sub-contractors, laborers and material men, so that no lien shall attach to or be asserted against said hotel, or the land on which it is situated, and shall hold said Webster harmless against any and all claims for labor or materials used or contracted for by said Anderson in or about the construction, improvement and completion of said building, then this obligation to be void; otherwise to remain in full force and effect.

THOMAS N. ANDERSON (SEAL)<br>
A. SOLARY (SEAL)."

The first count of the declaration sets out the execution of the bond and its condition, and alleges that Anderson did not protect the plaintiff, Webster, or hold him harmless against any and all claims, according to the true meaning and intent of said bond, in this, that Watson & Bisbee, a firm doing business in Boston, Massachusetts, furnished labor and materials in and upon the extension of the said hotel, and which labor was done and the materials furnished at the special instance and request of Anderson, and that since the execution of the said bond the said Anderson and Solary have been notified that the same was an outstanding indebtedness, and have been called upon to pay the same; yet they have wholly refused to pay the same, or any part thereof, to the damage of the plaintiff one thousand dollars.

The second count sets out the execution of the bond and its condition, and alleges that Anderson did not protect or save harmless the plaintiff, according to the true meaning and effect of the bond; and that after-

wards, in March, 1886, the said firm of Watson & Bisbee commenced suit against plaintiff in the Superior Court of the Commonwealth of Massachusetts for materials furnished and work done in and upon the said extension and improvement of the Everett hotel, the furnishing of which materials, and the doing of which work, was contracted for by plaintiff for said Anderson and on his account, and upon his special instance and request, and although plaintiff gave the said Anderson and Solary ample notice to come in and defend the said suit, they utterly refused to do so; that upon the 7th day of March, 1887, judgment was rendered by the said Superior Court against said plaintiff in the sum of $710.96, and also the sum of $48.70 interest, which, with costs, plaintiff has been compelled to pay; yet the said Anderson and Solary, though often requested, have not paid said sum of money, and have failed and refused so to do, to the plaintiff's damage one thousand dollars.

A copy of the bond was filed with and made part of the first and second counts of the declaration, and an authenticated copy of the judgment mentioned was filed with and made a part of the second count. There were also three common counts for money paid by the plaintiff for the defendants, for money received by defendants for the use of plaintiff, and for money payable by defendants to the plaintiff.

A demurrer was filed to the several counts of the declaration, but overruled.

Pleas were then filed to all the counts of the declaration and demurrers sustained to them, with leave to defendants to file amended pleas. The record shows that amended pleas were filed and overruled on demurrer, and defendants were permitted to extend their pleadings, some on equitable grounds, but

alleging in substance the same ground of defense, to the extent of six different sets of pleas in all.

A consideration of the first amended pleas will suffice to dispose of the case here.   They are in substance as follows, *viz:*  To the first and second counts of the declaration it is alleged that before the commencement of the action defendants discharged and satisfied the claim by payment.   For a further plea to the first count it is alleged that it may be true, as stated in the declaration, that defendants executed and delivered the said writing obligatory, but they aver that any and all liability arising thereunder was fully discharged before the commencement of this suit, in this, that plaintiff and defendants had a settlement of the different amounts and accounts between them, and in said settlement plaintiff produced the said claim of Watson & Bisbee for material furnished, and then and there deducted the full amount thereof from the amount he was indebted to defendant Anderson; and after deducting the said claim of Watson & Bisbee, and divers others, plaintiff agreed to pay and did pay to defendant Anderson the sum of twenty-five hundred dollars, the balance due him in settlement; that the said claim of Watson & Bisbee is the same as mentioned in the first count of the declaration, and the same was, at the time of the said settlement, satisfied and discharged in full to the plaintiff.

For a further plea to the second count of the declaration defendants say that it may be true, as alleged, that they executed their writing obligatory to the plaintiff, but they aver that any and all liability arising thereunder has been fully discharged and satisfied, in that, before the commencement of the suit plaintiff and defendant Anderson entered into a contract by which the latter, in consideration of the sum of seven

thousand five hundred dollars paid by the former;.
agreed to do certain work on the property of
the plaintiff known as the Everett hotel, and
that the said defendant Anderson did do and
perform the said work agreed to be done, and further
work requested by the plaintiff; that during the con-
struction of said work plaintiff purchased on his own
account and responsibility certain materials to be used
in said building of the said firm of Watson & Bisbee,
and furnished the said materials to the defendant, An-
derson, and he used the same in and about the build-
ing and works of the plaintiff; that after the comple-
tion of the said work, and before the commencement
of the suit, plaintiff and defendant, Anderson, met to-
gether and then and there produced all claims and
demands for labor and materials used in and about
said work of plaintiff, and that among the claims pro-
duced by the plaintiff was the claim of Watson &
Bisbee for materials furnished to the plaintiff as afore-
said; that all unpaid claims for labor and materials,
including the full amount of the claim of Watson &
Bisbee, were then and there deducted by the plaintiff
from the money due and coming to the defendant, An-
derson, and the plaintiff then and there paid the said
Anderson the sum of twenty-five hundred dollars, the-
balance due him over and above said claim, and which
he received in full settlement and discharge of all claims.
and demands between them, including all claims for
material furnished and used in and about said work,
and the plaintiff then and there discharged the said
Anderson from any and all liability incurred under the-
said claim of Watson & Bisbee; that the said claim
was discharged before any suit was brought by Watson.
& Bisbee, as alleged in the declaration, and that if any
suit has been brought by them since that time in the-

Superior Court of Massachusetts, and judgment rendered thereon against the plaintiff, the same is no fault of the defendants, nor are they in any way indebted to the plaintiff therefor, as they had paid to the plaintiff, as aforesaid, the amount of the said claim in full before the commencement of the said suit; and this the defendants are ready to verify.

The plea of never indebted was filed to the common counts.

Among the subsequent pleas filed were pleas of payment to the first and second counts, and after issue joined on them a trial was had, resulting in a verdict and judgment for plaintiff.

Under the pleas of payment, defendants offered to prove the facts set up in the second plea to the second count, but the court excluded the evidence, and defendants excepted to the ruling.

*H. H. Buckman*, for Appellant.

*A. W. Cockrell & Son*, for Appellee.

MABRY, C. J.:

An unsuccessful effort was made to dismiss this appeal for the reasons stated in the opinion in the case of Anderson vs. Webster, 30 Fla. 220, 11 South. Rep. 546. The case has now been reached for final determination, and it is insisted for appellant that the demurrer to the several counts of the declaration should have been sustained. The demurrer to the common counts was properly overruled.

The grounds of demurrer to the first and second counts of the declaration, and insisted on here, are in substance the same, *uiz:* that each count is bad in sub-

stance and in law, and contains no cause of action against the defendants. The first count does not, in our judgment, allege a sufficient cause of action. The suit is on a bond to secure the plaintiff against claims and demands for labor and material used in the extension and improvement of a certain hotel, and the condition is, that defendant, Anderson, shall well and truly pay off his sub-contractors, laborers and material men, so that no lien shall attach or be asserted against the building, and shall hold plaintiff harmless against all claims and demands for labor or material used or contracted for by Anderson in and about the extension and improvement of said building. The first count alleges that defendants did not protect or hold plaintiffs harmless, in this, that the firm of Watson & Bisbee furnished labor and materials in the extension of the hotel at the special instance of Anderson, and that since the execution of the bond defendants have been notified that said claim was an outstanding indebtedness, yet they refused to pay the same, though called on to do so, to the plaintiff's damage of one thousand dollars. It is not in this count alleged that any lien had attached or been asserted, or could attach or be asserted, against the hotel on account of the claim alleged to be outstanding; nor is it shown in what respect plaintiff had suffered damage on account of the claim. The bond is simply to secure plaintiff against claims of sub-contractors, laborers and material men of defendant, Anderson, so that no lien shall attach or be asserted against the hotel of plaintiff, and to save him harmless against claims for labor or materials used or contracted for by Anderson in or about the construction, improvement and completion of the hotel building. The obligors in such a bond have a right to stand upon its terms (State, for use of Gore vs. Montague,

34 Fla. 32, 15 South. Rep. 589), and the rule of the common law is that to authorize a recovery upon a mere bond of indemnity, actual damage must be shown. Jones vs. Childs, 8 Nev. 121; Chace vs. Hinman, 8 Wend. 452, S. C. 24 Am. Dec. 39; Tate vs. Booe, 9 Ind. 13. There is a distinction between bonds of indemnity simply, and bonds not only for indemnity, but also against liability. The bond sued on in this case, as stated, is to secure plaintiff against claims, so that no liens shall attach or be asserted against his property, and to save him harmless against any claims for labor or material used or contracted for by defendant, Anderson, and used in the extension of the building mentioned. Plaintiff must suffer some material harm in consequence of the failure of the obligors in the bond to keep its conditions before he can sue, and this he fails to show in the first count.

The second count is different, and it alleges a perfectly good cause of action against the defendants. Not only is it shown that the claim of Watson & Bisbee was for labor and material contracted for on account of defendant, Anderson, and used in and about the extension and improvement of the Everett hotel, but it is alleged that judgment had been recovered on said claim against plaintiff and he had been compelled to pay the same. This is sufficient.

After the demurrer to the declaration had been overruled, defendants filed pleas to all the counts, and a demurrer was sustained to the pleas, with leave to defendants to amend. The record shows that six different sets of pleas in succession, after demurrers sustained, were filed, and the only pleas permitted to stand, and upon which issue was joined and the trial had, were pleas of payment.

A consideration of the first amended pleas, given in the accompanying statement, will be sufficient to dispose of the case.   The first count of the declaration, as stated above, was bad, and our conclusion on the demurrer to that count removes all discussion on the pleas specially directed to it.   The record shows affirmatively, however, that plaintiff's testimony was confined to the second count of the declaration, and that his recovery could only be on that count.

The pleas filed to the second count under the first amendment were, in our judgment, good, and the ruling of the court in sustaining a demurrer to them was erroneous.   First, there was a plea that before the commencement of the action defendants discharged and satisfied the plaintiff's claim by payment.   The second plea admits the execution of the bond, but alleges that plaintiff and defendant Anderson had a contract in reference to work on plaintiff's property known as the Everett hotel, and during the construction of the work plaintiff purchased, on his own responsibility, of Watson & Bisbee certain materials to be used in the building, and furnished them to defendant Anderson, who used them at the request of plaintiff in and about said building; that after the completion of the work, and before the commencement of the suit, the said parties met and produced all claims and demands for labor and material employed in and about said work, and the plaintiff produced, among other claims, the one in favor of Watson & Bisbee, being the one mentioned in the declaration, and that all unpaid claims, including the said claim of Watson & Bisbee, were deducted from the money due the defendant Anderson, and the balance, amounting to twenty-five hundred dollars, was paid him in full settlement and discharge of all claims and demands between them, and the

plaintiff then and there discharged Anderson from all liability incurred on account of the said claim of Watson & Bisbee; that the payment and discharge of said claim was made and had before suit brought by Watson & Bisbee against plaintiff, as alleged in the declaration, and that if they have instituted suit since that time on said claim in Massachusetts, and obtained judgment against plaintiff, it was no fault of defendants, and they are in no way indebted to plaintiff therefor, as they had, as aforesaid, discharged the said claim in full.

It is insisted that the last plea mentioned is objectionable for the reason that it undertakes to vary or contradict the terms of the bond discribed in the declaration, and which the plea admits was executed. It has been said that there is no rule of evidence better settled than that which declares that parol evidence is inadmissible to contradict or substantially vary the legal import of a written agreement. Such testimony is not only contrary to the statute of frauds, but to the maxims of the common law. Stevens vs. Cooper, 1 Johnson's Ch. 425, S. C. 7 Am. Dec. 499. The rule as formulated by Mr. Greenleaf is, "that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." 1 Greenleaf on Evidence, sec. 275. It was said by this court in Jenkins vs. Lykes, 19 Fla. 148, S. C. 45 Am. Rep. 19, that "it is a familiar and well settled rule that parol evidence is not admissible to vary or contradict the terms of a written instrument, and that a written contract which is intelligible on its face, must control; the parties understanding fully what the contract contains. Testimony should not be admitted to prove that a contract, clearly expressed, means a different thing from that which is so expressed." Except in

cases of fraud, surprise, or mistake, the rule as above announced inhibits the use of parol evidence to contradict, vary, add to, or explain, the terms of a plain legal agreement in writing as between the parties thereto. Harrell vs. Durrance, 9 Fla. 499; Union Bank of Florida vs. Call, 5 Fla. 409; Patterson vs. Taylor, 15 Fla. 336; Meinhardt Bros. & Co. vs. Mode, 22 Fla. 279; Haworth vs. Norris, 28 Fla. 763, 10 South. Rep. 18; Towner vs. Lucas' Executor, 13 Gratt. 705; Jungerman vs. Bovee, 19 Cal. 355; 1 Rice on Evidence (Civil), sec. 157. There are exceptions to the rule, or conditions, under which parol evidence affecting written instruments may be admitted, such as to explain a latent ambiguity, supply deficiencies apparent in the instrument itself under certain circumstances, to explain and define the subject-matter of a written agreement, to prove the consideration of the agreement, certainly when not inconsistent with that expressed, to establish a trust, to rebut an equity, to affect the legal operation of an instrument when not in contradiction of the agreement therein expressed, and probably some other cases. Martin vs. Berens, 67 Penn. St. 459.

Recurring to the bond sued on in this case, we find the recital therein of a settlement between Webster and Anderson, under a contract for the extension and improvement of the Everett hotel, and an agreement on the part of Anderson to secure Webster against all claims and demands for labor or material used in the extension and improvement of said hotel. The plea sets up the fact that the claim which is the basis of plaintiff's suit on the bond was for materials purchased by plaintiff himself on his responsibility and furnished to the defendant Anderson, and that in the settlement the said claim was deducted from the amount going to

him.    The plea contains some useless verbiage, and the defense sought to be made could have been more pointedly presented by simply alleging that the claim mentioned in the declaration was a demand due from defendant Anderson to the plaintiff, and that in the settlement made between them, at the time of the execution of the bond, the same had been adjusted and paid.    The plea in its essential parts contains such allegations, and we do not see that it contradicts the terms of the bond.    The latter recites that Webster had settled in full with Anderson under a certain contract for the extension and improvement of the hotel mentioned by the payment of a certain sum which was received in full of all demands, but what claims or demands were paid in the settlement are not stated. It would not contradict any of the terms of the bond to show by parol evidence that the claim sued on was one included in the settlement mentioned therein.  Creamer vs. Stephenson, 15 Md. 211; Erskine vs. Adeane, L. R. 8 Chancery App. Cases, 756.    It was competent, in our judgment, for the defendants to set up the defense at law that the claim mentioned in the declaration had been discharged by Anderson in the settlement which he had with the plaintiff, and the plea filed should not have been overruled on demurrer.

It appears from the record that in the subsequent pleading to the second count, the plea of payment was filed, and issue joined upon it.   Counsel for appellee contend that whatever errors may have been committed by the court in the rulings on the plea of payment, defendants finally had the benefit of this defense under the plea of payment, upon which issue was joined, and that the judgmant should not be reversed.    It is true that the case was submitted to the jury under an issue on pleas of payment to the first and second counts of

the declaration, and that the plaintiff offered proof under the second count, but it is also shown that defendants offered to prove the facts set up in the special plea in reference to the settlement of the claim mentioned, and the court refused to permit such proof. It can not be said on this record that defendants had the benefit of their defense under the plea of payment. We can not avoid the conclusion that the case was improperly tried, and that the judgment should be reversed.

The extent to which the pleading was permitted in this case was beyond all limit. After the first amended pleas were overruled the defendants sought to set up the same matters of defense by pleas on equitable grounds, and repeated in substance the same defense over and over again in different sets of pleas. The admonition to trial judges contained in the case of Garlington vs. Priest, 13 Fla. 559, is applicable to this case. The error first committed, however, was as to the ruling on the demurrer to the first count of the declaration, and the second error was in sustaining the demurrer to the first amended pleas to the second count.

The judgment will be reversed, with directions to the Circuit Court to sustain the demurrer to the first count of the declaration, and overrule the demurrer to the first amended pleas to the second count, and for further proceedings in accordance with law. Attention is also directed to the fact, as appears from the record, that demurrers were sustained to pleas of never indebted to the common counts, and subsequently the same pleas were repeated to said counts and no issue joined thereon when the case was submitted to the jury. Let an order be entered reversing the judgment on the grounds and for the reasons stated in this opinion.