CHARLES F. DORMAN, *Appellant,* v. L. B. MCDONALD, J. B. MCDONALD AND A. W. MCDONALD, PARTNERS AS THE MCDONALD LUMBER COMPANY, *Appellees.*

1. A motion to dismiss a second appeal in a chancery cause because entered while a prior appeal was pending must be made with due diligence where an intention to abandon the first appeal is before the entry of the second, evidenced by an attempt to dismiss it in the Circuit Court and a failure thereafter to prosecute it further. Such a motion made eighteen months after the case has been briefed upon the merits by both parties, and on the day when the case after a second setting is called for oral argument will be denied.

2. Upon appeal by complainant from an order setting aside a decree *pro confesso* and permitting the filing of an answer, if the bill be without equity the order will not be reversed, but the bill will be dismissed without prejudice.

3. As a general rule a contract for the sale of chattels is not the subject of a bill for specific performance.

4. A bill alleging that the indebtedness secured by a chattel mortgage has been paid, but that the mortgagee still holds it against the mortgagor and demands payment thereof, and praying a decree that it be surrendered, states no ground for the intervention of equity. For this it should appear that from the nature of the proof of payment or from lapse of time this defense to the mortgage may fail if not now adjudicated, or that there is reason to apprehend many or vexatious suits by

the mortgagor, or that some other recognized ground of equitable intervention exists.

This case was decided by Division B.

Appeal from the Circuit Court for Alachua county.

The facts in the case are stated in the opinion of the court.

*Robert E. Davis* (with whom was *J. A. Carlisle* on the brief) for appellant.

*Horatio Davis, C. C. Thomas* and *W. W. Hampton* for appellees.

MAXWELL, J.—On the 15th day of March, 1902, an appeal was entered in this cause, and on the 4th day of April following, a so-called dismissal of that appeal was filed in the office of the clerk of the Circuit Court, and no further steps were taken to prosecute the appeal. On the 7th of April a second appeal was entered, and this was duly prosecuted. Briefs for the respective parties were filed in July and August, 1902, and the case set for oral argument in January, 1904, and at request of counsel re-set for February 9th, 1904. On that day a motion was made by appellees that the first appeal be dismissed because no transcript of the record had been filed thereunder, and that the second appeal be dismissed because at the time of its entry the prior appeal was pending.

As held in the case of *DaCosta v. Dibble,* 45 Fla. 225, 33 South. Rep. 466, an attempt to dismiss an appeal in the office of the clerk of the lower court is ineffectual, and in that case, upon motion duly made, a second appeal entered while a former appeal was pending was held to be irregular and was dismissed. This is a rather technical rule to be applied in cases where, as here, before entering the second appeal unmistakable evidence has been given of an intention

to abandon the first by filing a dismissal of it and taking no further steps to prosecute it, and we are not disposed in such cases to give the rule any wider application than is required by an adhèrence to the precedent established by that case.

In that case the motion to dismiss was made before the case was submitted upon briefs by the parties. The right to have an appeal dismissed may be lost by undue delay or laches in exercising it. *Lake v. Hancock,* 29 Fla. 336, 11 South. Rep. 97; *Anderson v. Webster,* 30 Fla. 220, 11 South. Rep. 546; 3 Cyc. 194. In this case the motion was made eighteen months after the briefs upon the merits had been filed by both parties, and after the case had been reached for final disposition and was called for oral argument. The first appeal will be dismissed for failure to file transcript, and the motion as to the second appeal will be denied.

We pass to a consideration of the merits of the appeal.

The bill of complaint filed by the àppellant alleged a verbal contract made on December 1st, 1898, with the defendants by which they were to furnish him ten thousand feet of boards per day, at $4.00 per thousand feet, as long as they should operate their saw mill at Paradise, Florida, which they assured him would be at least eight years, and that it was still operated by them when the bill was filed; that complainant thereupon erected a mill to put the lumber to be so delivered in marketable condition; that after the erection of his mill the defendants delivered him part of the lumber as stipulated until about June 15th, 1899, and after that failed to furnish the amount specified in the contract, whereby the business of complainant was crippled and he became indebted to the defendants in the sum of $759.87, and later from the same cause in the sum of $1078, for each of which indebtednesses he gave defendants a mortgage on the machinery and fixtures of his mill; that he has paid both of such mortgage debts in full, but the defendants still hold each of the amounts against him and

demand payment therefor; that on March 1st, 1900, the defendants refused longer to supply him with lumber for $4.00 per thousand, and demanded $6.00 per thousand, which deprived complainant of any continuance on his part of his said contract, and entailed a loss to his business of $35 per day; that defendants fail and refuse to adjust their account with complainant or to continue their contract with him. The bill prayed that the defendants be required to fulfill the terms of their contract; that an account be taken of all debts, claims and differences between the parties, and that the defendants be required to pay complainant all sums found to be due him, and be required to deliver to him the mortgage held by them; that they be enjoined from proceeding at law for the collection of any claims against the complainant or for the foreclosure of the said mortgage; that a receiver for the defendants' property should be appointed if it became necessary, and for general relief.

A decree *pro confesso* was entered against the defendants which, upon their application, was set aside and leave given to file an answer. It is from this order that the present appeal was entered.

A complainant after the entry of decree *pro confesso* is entitled only to such final decree as is authorized by the allegations of his bill. If, therefore, the bill be without equity it entitles him to no relief, and if the decree *pro confesso* be set aside, he can not on appeal reverse this order, but his bill should be dismissed without prejudice. *Marks v. Baker,* 20 Fla. 920; *Patton v. Crumpler,* 29 Fla. 573, 11 South. Rep. 225.

What are the equities of this bill? It first prays specific performance of the contract, but the general rule is that a contract for the sale of chattels is not the subject of a bill for specific performance (3 Pomeroy's Eq. Jur. sec. 1402, p. 2156; *Yulee v. Canova,* 11 Fla. 9), and the bill alleges nothing to take the case out of the general rule. It next prays for an accounting, but its averment that certain indebtedness existed, and was secured by mortgage and has

been paid, but that it was held as a debt charged in an account on the defendants' books against him, does not show a course of dealing or state of affairs calling for an accounting in equity, nor does it challenge the correctness of a single item of the account on the defendants' books, except the one covered by the mortgage. It states no case for an accounting unless as incident to or necessary to determine the propriety of the prayer that the mortgage be surrendered. Unless the latter feature furnishes ground · for equitable intervention, then the bill shows none.

The mortgage in question is upon mill machinery and presents no question of cloud upon title to realty. The ground of the right to its surrender asserted in the bill is that the debt has been paid. Payment is a defense which may be interposed to any suit based upon the mortgage. There is no showing that from the nature of the proof of payment, or from lapse of time, this defense may fail if relief be not now granted, nor is there any allegation or intimation of intention on the part of the defendants to harrass the complainant with many or vexatious suits upon the mortgage. No ground for the intervention of equity is shown, and the bill should not be entertained. *Butler v. Durham*, 2 Ga. 413; *Mercantile Bank v. Pettigrew*, 74 N. C. 326; *Garrett v. Mississippi & Alabama Railroad Company*, 1 Freem. Ch. Rep. 70; 24 Am. & Eng. Ency. Law, 634-635.

The case is remanded with directions that the bill be dismissed without prejudice.

CARTER, P. J., and COCKRELL, J., concur.

TAYLOR, C. J., and SHACKLEFORD and HOCKER, JJ., concur in the opinion.