J. J. HENDRY, *Appellant*, v. ROBERT E. WHIDDEN, *Appellee*.

1. When a cause is submitted to the court upon abstracts of the record under Rule 20 of the Supreme Court Rules, and such abstracts are not excepted to as provided for in said rule, they are admitted to be a true statement of the material substance of the record, and the cause will be considered as provided by the rule on the abstracts alone.

2. As a general rule, a contract for the sale of chattels will not be specifically enforced by a court of equity.

3. A bill of complaint which alleges a contract for the sale by the defendant to the plaintiff of a certain number of cattle at a stated price, the breach of the contract by the defendant, and also that the defendant is disposing of the cattle so that plaintiff will not be able to get the number of cattle contracted for, and that the defendant is wholly execution proof and insolvent, is not a sufficient basis on which to decree the specific performance of the contract for the sale of the cattle.

4. A bill of complaint which shows no ground for the interposition of a court of equity will be ordered dismissed.

This case was decided by the court *En Banc*.

Appeal from the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*Forrester & Burton* for appellant.

*John H. Treadwell* for appellee.

WHITFIELD, J.—This cause is submitted here upon abstracts of the record under Rule 20, and, as they have not been excepted to as provided for in the said rule, such abstracts are admitted to be a true statement of the material substance of the pleadings in the cause. The case will be considered as provided by the rule on the abstracts alone. It appears from such abstracts that "on September 29, 1903,

appellee filed his amended bill herein alleging that in the month of September, 1902, he purchased from appellant 165 head of cattle at $7.75 per head, and paid appellant the sum of $1,200.00 in cash therefor; that it was agreed and understood that appellant should deliver to appellee said cattle from time to time, as desired; that it was further understood and agreed that if the stock owned by appellant exceeded in number 165 head, appellant was to reserve out of such excess 100 head, and that appellee was under all circumstances to receive the 165 head purchased and paid for by him; that in the event the stock of cattle owned by appellant should exceed 165 head and also the 100 head to be reserved by appellant, that then appellee was to pay appellant the sum of $7.75 per head for the excess thereof; that appellant had only delivered 50 head, and that there are 115 head of said cattle purchased by appellee yet undelivered to him; that appellant is changing the marks and brands of the said cattle purchased by appellee, and that appellee is informed and believes that appellant is disposing of the cattle belonging to this stock so that appellee will not be able to gather a sufficient number of the stock of cattle of appellant to equal the 115 head purchased and paid for by him but yet undelivered; that appellant is wholly execution proof and insolvent, and could not be made to respond to appellee in damages. The bill then prays that appellant be restrained from altering the marks and brands of the cattle, or disposing of them, and prays for a discovery of the number of cattle purchased by appellee from appellant, the marks and brands of which have been altered, and to discover and set forth in detail the number of cattle which have been sold out of the 115 head remaining undelivered to appellee, together with the purchase price thereof, and the parties to whom the same were sold; and that appellant be decreed to specifically perform the verbal agreement and contract, and immediately deliver and surrender unto appellee the 115 head of cattle undelivered; and that in the event there are

more than 275 head of cattle belonging to the stock of appellant, to deliver such excess to appellee under the terms of the verbal contract, upon a payment to appellant of the sum of $7.75 per head, and for general relief." The abstracts do not show that the amended bill was demurred to, but they do show that an answer was filed in which the allegations of the bill were specifically denied and other facts stated with reference to the subject of this controversy, and that a replication was filed and testimony taken and reported to the court by a special master, "without his findings as to the matters of proof." The abstracts also state that on January 11, 1904, "the chancellor entered a decree for specific performance of the contract alleged in the bill of complaint, in accordance with the terms thereof, giving appellee a lien on the cattle in the event appellant failed to comply with the decree within 10 days from the date hereof, for the sum of $727.55, together with costs of suit." From this decree an appeal was taken to the present term of this court, and numerous errors were assigned thereon.

The allegations of the bill, as shown by the abstracts, do not state a cause for equity cognizance to enforce specific performance of a contract for the sale of personal property. *Dorman v. McDonald*, 47 Fla. 252, 36 South. Rep. 52.

The abstracts fail to show that the bill contained any ground for the interposition of a court of equity. *City of Jacksonville v. Massey Business College*, 47 Fla. 339, 36 South. Rep. 432, and cases therein cited.

The decree is reversed at the cost of the appellee, and the cause is remanded with directions to dismiss the bill of complaint, without prejudice.

TAYLOR, C. J., SHACKLEFORD and COCKRELL, JJ., concur.

CARTER, J., absent.

HOCKER, J., dissents.

HOCKER, J. (*dissenting*).—I can not concur in the opinion that this court under the circumstances of this case, should *ex mero motu,* raise the question of the jurisdiction of equity as applied to the facts of the case. The acts charged against the defendant of changing the marks and brands of the cattle, and of disposing of them so as to defeat complainant's rights, amount to charges of fraud. Moreover, the bill prays for an accounting and discovery. These are matters of equity jurisdiction, and, in the absence of a demurrer or plea raising the question of jurisdiction, and the case having gone to a hearing on its merits, I think this court should review the final decree appealed from. 1 Cyc. 420; *Reynes v. Dumont,* 130 U. S. 354, 9 Sup. Ct. Rep. 486; *Kilbourn v. Sunderland,* 130 U. S. 505, 9 Sup. Ct. Rep. 594; *Tyler v. Savage,* 143 U. S. 79, 12 Sup. Ct. Rep. 340; *DeCottes v. Clarkson,* 43 Fla. 1, 29 South. Rep. 442.