M. O. KING, *Appellant,* v. OLA WELLS and her husband, J. W. WELLS, and W. C. STEVENS, *Appellees.*

En Banc.

Opinion filed August 5, 1930.

*James H. Finch,* for Appellant.

*Millican & Mayhall,* for Appellees.

MATHEWS, Commissioner:

Appellant filed his bill of complaint in the court below alleging: That he negotiated sale of certain land, whereby Ola Wells and husband agreed to sell and W. C. Stevens agreed to buy the said land for a consideration of $7,000.00, payable $500.00 in cash and the remainder at stated intervals; that accordingly, the agreed cash payment was made and deed from Ola Wells and husband to Stevens was executed and placed in bank in escrow with instructions to deliver to grantee upon final payment; that after deed was placed in escrow, Ola Wells and husband made a new deal with defendant Stevens whereby they conveyed the said land to the said Stevens for a lesser sum than that agreed on in the contract negotiated by complainant; that defendants Ola Wells and husband contracted and agreed to pay complainant $2,250.00 for his services in making sale of said land and only $250.00 has been paid thereon.

The bill prays for a decree establishing a lien in favor of complainant and in default of payment that the lands be sold to satisfy the decree.

Defendants Ola Wells and husband demurred to the bill for want of equity and on the ground that complainant's remedy was at law. Ola Wells and husband answered the bill, admitting the new contract and sale to defendant Stevens and set up in their answer that the purchaser had breached the contract; that the land was subject to a mortgage which was about to be foreclosed and that it was necessary to make the new deal and sale at a reduced price in

order to prevent sacrifice and loss to the vendors and vendee.

Defendant Stevens demurred upon the same grounds and answered the same as Ola Wells and husband.

The demurrers were heard and overruled. Testimony was taken and the court below decreed that complainant was entitled to a lien upon the land in an amount of $250.00 and in default of payment ordered the land sold. From this decree, complainant appealed, and contends the lien decreed should have been for $2,000.00. Defendants assigned as error the order overruling the demurrers and that portion of the decree finding a lien in favor of complainant.

There was nothing to prevent the defendants Ola Wells and Husband from making a new contract with the purchaser and selling the lands to him at a lesser sum than that originally agreed upon.

A breach of contract for ordinary personal services is fully remediable at law. Simms v. Burnette, 55 Fla. 702, 46 So. R. 90, 16 L. R. A. (N. S.) 389, 127 A. S. R. 201, 15 Ann. Cas. 690; Simms v. Patterson, 55 Fla. 707, 46 So. R. 91.

A bill of complaint which shows no ground for the interposition of a court of equity will be ordered dismissed. Hendry v. Whidden, 48 Fla. 268, 37 So. R. 571.

The final decree is reversed and the cause is remanded with directions to dismiss the bill.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby, reversed, and the cause is remanded with directions to dismiss the bill.

TERRELL, C. J., AND WHITFIELD, STRUM AND BROWN, J. J., concur.

BUFORD, J., dissents.