**AMERICAN SURETY COMPANY OF NEW YORK, a corporation, v. FRANK S. MURPHY and C. A. MEYER, as Executor of the Last Will and Testament of W. T. Murphy, deceased.**

13 So. (2nd) 442                                                    January Term, 1943
May 4, 1943                                                           Division A
Rehearing Denied May 24, 1943

*G. P. Garrett,* for appellant.

*Giles & Gurney,* for appellees.

CHAPMAN, J.:

This case comes here for the second time. See American Surety Co. v. Murphy, 151 Fla. 151, 9 So. (2nd) 355, where a statement of the involved facts appears. Subsequent to the issuance of the mandate therein, a suit in equity was filed praying for: (1) the performance of the contract between the surety company and the executors of the Murphy will by the payment of the loss, with interest, cost and attorneys fees sustained by becoming a surety on the bond of the late Mr. Murphy in his replevin action; (2) an accounting and the declaration of an equitable lien on the assets of the Murphy estate; (3) a permanent injunction against the distribution of the assets of the estate prior to the payment of plaintiff's

losses sustained by becoming a surety on the replevin bond of the late W. T. Murphy. The chancellor entered an order dismissing the bill of complaint and an equal has been perfected therefrom to this Court.

Counsel cites Florida decision to sustain his right to a decree of specific performance. Likewise, cases are cited holding where a probate statute requires claims against an estate to be presented for payment within a specified time, such probate statutes, are inapplicable to debts or claims arising after the prescribed period because of the terms of the executory contract existing between the surety company and the decedent (Murphy). Consideration has been given to these several cited cases.

Counsel are in accord on the rule that the jurisdiction of the settlement of estates of decedents by Section 17 of Article V of the Constitution of Florida is vested in the County Judge. We have so held in several cases. Chapter 16103, Acts of 1933, regulates and prescribes probate procedure. Section 120 thereof requires the filing by creditors of claims or demands in the office of the county judge within eight months after the publication of the notice to creditors which was not done in this case by the American Surety Company. Section 120 *supra* afforded the American Surety Company an adequate remedy for the legal recognition of its claim and demand against the Murphy estate. The failure of the plaintiff to file the claim or demand, indirectly, is the basis of this equity suit.

The general rule is that where a party has a complete and adequate remedy at law and fails from any cause to rely on it, he will not be permitted to assert it in equity in the absence of a showing as to fraud, accident or mistake or by circumstances beyond his control. See 30 C.J. 346, par. 24; Baker v. Cummings, 169 U. S. 189, 18 Sup. Ct. 367, 42 L. Ed. 711; 21 C.J. 47, par. 22; Pomeroy's Equity Jurisprudence (5th Ed.), Vol. 1, pp. 81-2, par. 62; also par. 293, pp. 654-64. Where a party has a complete and adequate remedy at law and fails to rely thereon, he cannot be heard in equity, in the absence of fraud, accident or mistake, or circumstances beyond his control. See McKittrick v. Bates, 47 R. I. 240, 132

Atl. 610. Where an adequate remedy at law has been lost by negligence or lack of diligence, equity will not interfere, since equity is not solicitous for those who sleep on their rights. See J. W. Wells Lbr. Co. v. Menominee River Boom Co., 203 Mich. 14, 168 N.W. 1011. The failure to employ an adequate legal remedy at the proper time is not a ground for equitable relief. See Bibb County v. Mortgage Bond Co., of N. Y., 183 Ga. 402, 188 S. E. 698. An element of harshness appears in the enforcement of the rule.

We have been favored with exhaustive briefs and oral argument heard at the bar of this Court on the part of able and industrious counsel. The legal rights of the parties litigant have been thoroughly presented. We fail to find error in the record and accordingly the decree appealed from is hereby affirmed.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.