A. D. JANSIK, GRACIA HALL JANSIK, joined by her next friend and husband, A. D. JANSIK, and GRACIA HALL JANSIK, as a free dealer, v. STUDSTILL & HOLLENBECK, INC., a Florida corporation, and EDMUND L. GOODMAN.

16 So. (2nd) 165

January 4, 1944

June Term, 1943

Division A

O. S. Miller, for appellants.

E. Harris Drew, for appellee.

ADAMS, J.:

A bill in equity was filed to have declared an equitable attachment against certain real estate. The bill alleges that the land sought to be attached was listed for sale by the appellant owner with appellee, a real estate broker. Appellee broker procured a prospective buyer, who, later, for the purpose of evading payment of the broker's commission, fraudulently conspired with the owner to enter into an agreement of sale; that the title is yet in the seller. The seller and buyer are both made parties defendant and are both alleged to be nonresidents of Florida. All defendants answered denying the allegation of nonresidence and alleging residence in Florida and service of process in this case in Florida. The answers also denied the fraudulent conspiracy. Testimony was taken and a final decree entered adjudicating that the seller owed the commission and unless paid the property would be sold to satisfy same. The decree found that one (but did not say which one) of the defendants was a nonresident.

This case might be disposed of by passing on the sufficiency of the bill. In brief the appellee relies on the allegation of non-residence and fraud to bring his case within Moss v. Sperry, 140 Fla. 301, 191 So. 531.

This case was prosecuted and decided under the authority of Moss v. Sperry, supra. It appears from a re-examination of the latter case that this Court passed upon the sufficiency of the bill only. And too, the bill was upheld not merely because of the allegation of fraud or the nonresidence of defendants but inasmuch as the claim was contingent attachment at law would not lie. And too, the debtor had no other property within the state. The latter allegation is not present in the case at bar. It also appears that the alleged claim was fully earned and its payment was not contingent as was the case in Moss v. Sperry. In other words the remedy at law was adequate.

The decree before us for approval being based on the evidence we also consider another equally important proposition of law. To justify retention of a cause in equity the equitable jurisdiction alleged must likewise be proven. See

The Amphitrite Corp., et al., v. City of Fort Lauderdale, 147 Fla. 497, 3 So. (2nd) 150; Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473. The reason for this is readily apparent. A plaintiff could often allege himself into a court of equity and thereby deprive his adversary of a jury trial on the law side of the court which right is guaranteed by the Constitution and should not be frittered away. See Section 3, Declaration of Rights, Florida Constitution. This case, as well as Moss v. Sperry, supra, strikingly illustrates the necessity of allegations and proof of some cause in equity aside from a claim simply for an equitable attachment for attachment has always been recognized as an ancillary proceeding and is dependent entirely on the maintenance of an independent action of suit. 2 Am. Jur. pg. 555. The writer of the opinion in Moss v. Sperry, supra, recognized the limitation of a court of equity in cases of. this character by calling attention to a prior decision of this Court holding that equity had no jurisdiction to adjudicate a claim for personal services. King v. Wells, et al., 100 Fla. 588, 130 So. 38. The case here is different in that the claim as alleged is not contingent. It follows that the decree is reversed with direction to the lower court to enter an order transferring the cause to law side of the court and for further proceedings in accordance with law.

Reversed with directions.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN, THOMAS and SEBRING, JJ., concur.