56 So.2d 521 (1951)
MANNING
v.
CLARK et al.
Supreme Court of Florida, Division B.
December 11, 1951.
Rehearing Denied January 29, 1952.
*522 Harold M. Wilson, Miami, and Genet & Genet, Miami Beach, for appellant.
Daniel Sepler and Boyce F. Ezell, Jr., Miami, for appellees.
PER CURIAM.
A bill in equity was filed for an accounting, injunction, receivership and other relief by appellees against appellant. The bill prays, among other things, that upon final hearing, the court would decree that the joint adventure between the appellees and the appellant is dissolved and terminated; that the court will direct the appellant to account unto the appellees for the proceeds derived from the operation of the joint adventure and for the profits thereof.
Pursuant to the prayers in the bill, a restraining order was entered, and the court appointed a Receiver for the property of appellant. The appellant, in his answer, admitted that the relationship was that of joint adventurers, announced his willingness to report, and set forth that the business venture was operated at a loss. A Master in Chancery was appointed to take testimony and hear the accounting. In the meantime, the receivership was discharged, as was the injunction. Thereupon, a firm of certified public accountants was appointed to audit the accounting had before the Special Master. Among other things, the Special Master found that: Appellees had failed to prove any profits resulted from the operation of the enterprise and that there were no profits to be distributed; that appellees advanced to the appellant a total of $4,700.00; and he found further "that the nature of the relationship between plaintiffs and defendant was one of creditor and debtor rather than one of joint adventurer." The court approved and adopted the Master's report in toto. There was awarded to the Master a fee of $1,250.00, to the Receiver a fee of $750.00, to the firm of certified public accountants a fee of $335.00, and to the court reporter a fee of $123.00; all of these fees taxed wholly against the appellant. The court decreed that appellees do have and recover of and from the appellant the sum of $4,700.00.
In disposing of this case we must first consider the procedure that was followed by the lower court in entering a decree to accounting. From the facts as *523 stated above, it will be observed that the cause was referred to the Master to take the evidence and report the same together with his conclusions of fact on all the issues before the question as to whether or not the appellant was required to account was determined. This is not the proper procedure. No doubt, the court was misled by the pleadings and the allegations therein. It is well settled that in suits for an accounting, where the answer does not admit the allegations of the complaint and there is no consent to entry of a decree, the proper practice is for the court to determine the initial question of plaintiff's right to an accounting, and an accounting may then be decreed if the finding is in favor of plaintiff upon the preliminary issue. Warden v. Richardson, 203 Okla. 474, 223 P.2d 338; Ewalt v. Hudson, Mo. App., 223 S.W.2d 132; Larson v. Crescent Planing Mill Co., Mo. App., 218 S.W.2d 814; Jackson v. Elmont Cemetery, Sup., 80 N.Y.S.2d 407; Harris v. Young, 215 Ill. App. 319, 131 N.E. 670; 1 Am.Jur. 306; 1 C.J.S., Accounting, § 40, p. 680.
Secondly, we must consider the averments which conferred jurisdiction in equity and the proof thereof. In brief, the appellees rely on the theory that the relationship between the parties was that of joint adventurers and sought an accounting from the appellant. This was the sole theory upon which the appellees could invoke the aid of a court of equity. In view of the fact that this might enable the appellant to have the appellees share in the losses that occurred from the operation of the undertaking, the appellant admitted and attempted to prove that such a relationship existed between them. It is well known that parties to a suit cannot come within the jurisdiction of a court of equity by merely making allegations that would satisfy the test of equity jurisdiction. It is also a well recognized proposition of law that to justify retention of a cause in equity the equitable jurisdiction must likewise be proven. Jansik v. Studstill & Hollenbeck, Inc., 153 Fla. 870, 16 So.2d 165; Amphitrite Corp. v. City of Fort Lauderdale, 147 Fla. 497, 3 So.2d 150; Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473. The parties, in the case at bar, failed to prove that the nature of the relationship was one of joint adventure. It has been held that if a plain defect of jurisdiction becomes apparent at the hearing, a court of equity will not proceed to a decree. 19 Am.Jur. 555. After a perusal of the bill and study of the testimony we are not warranted in disagreeing with the Master's finding that the nature of the relationship between the appellant and appellees was one of creditor and debtor rather than one of joint adventure. This fact gave the appellees an adequate remedy at law and, according to the great weight of authority, if the law affords a remedy which is adequate, the cause may not be made the basis of a suit in equity. American Surety Co. of New York v. Murphy, 152 Fla. 862, 13 So.2d 442; Moss v. Sperry, 140 Fla. 301, 191 So. 931, 125 A.L.R. 909; Atlantic National Bank of Jacksonville v. Simpson, 136 Fla. 809, 188 So. 636; 19 Am.Jur. 109; 30 C.J.S., Equity, § 20, p. 339. With this premise before it, the court should have done one of two things: (1) Dismiss the bill of Complaint; or (2) should have transferred the cause to the law side of the court. Since the lower court failed to dismiss the bill, it follows that the decree is reversed, with direction to the lower court to enter an order transferring the cause to the law side of the court and for further proceedings in accordance with the law.
Reversed with directions.
SEBRING, C.J., and CHAPMAN, ROBERTS, and MATHEWS, JJ., concur.

On Petition for Rehearing.
PER CURIAM.
The record in this cause discloses that no order was entered here regarding the costs which accrued in the equity cause in the Court below, as will be shown by our opinion adopted under date of December 11, 1951. This has been brought to our attention since the adoption of our opinion. The several items of cost allowed and approved in the final decree: First, Special Master's fee in the sum of $1250.00; second, Receiver's fee in the sum of $750.00; third, an Accountant's fee in the sum of *524 $335.00; and fourth, the Reporter's fee, the amount of which is not set out in the record.
We find nothing in the record that sustains the final decree allowing the sum of $1250.00 as Master's fees. The fee should be calculated under the statute and our adjudications on this point. There should be a liberal downward scaling of the Receiver's fee in the sum of $750.00, but the Accountant's fee in the sum of $335.00 is approved. The total amount of these costs and all other reasonable costs should be divided in equal parts and one part thereof should be assessed to the appellant and the other part or portion assessed to the appellees.
The petition for rehearing is denied.
SEBRING, C.J., and CHAPMAN, ROBERTS and MATHEWS, JJ., concur.