PER CURIAM.
This is an appeal by Cuba Aeropostal Agency, Inc., a Florida corporation, one of the defendants in a law action commenced by attachment of certain of appellant’s property. The final judgment reads, in pertinent part, as follows:
“CONSIDERED, ORDERED AND ADJUDGED that the attachment issued in the above styled cause be and the same is hereby declared to be good and valid, and the traverse of Cuba Aeropostal Agency, Inc. to said attachment is hereby denied. It is further
“CONSIDERED, ORDERED AND ADJUDGED that there being no property or assets in this cause other than the goods and chattels under attachment, nor there being no direct relationship between the Plaintiff and the defendant, Cuba Aeropostal Agency, Inc., a Florida corporation, other than by virtue of said attachment, it is therefore adjudged that there is no basis for the entry of a money judgment against the defendant, Cuba Aeropostal Agency, Inc., a Florida corporation, and they are forthwith discharged and dismissed in the above styled cause. It is further
“CONSIDERED, ORDERED AND ADJUDGED that the Sheriff of Dade County is hereby authorized and directed to forthwith proceed to sell that certain personalty, held under attachment by the Sheriff of Dade County in the above styled cause and subsequently stored in the Hadco Bonded Warehouse, at public sale pursuant to the Florida Statutes by publishing said notice of sale two weeks, and upon conducting said sale and deducting the proper and necessary costs related to said attachment and sale, to pay over the monies realized therefrom to the plaintiff, or their Attorneys, Richard G. Taylor or Richard B. Bergstresser, forthwith.”
From the record it appears that until October of 1960 plaintiff-appellees were operating a business in Cuba. At that time the corporate assets were confiscated by the Castro dictatorship. The agency used for the seizure of appellees’ property was the National Institute of Agrarian Reform — an arm of the Castro regime. Appellant, Cuba Aeropostal Agency, Inc., had carried on business activities in Florida for some years before the advent of the Castro government. The dictatorship which took over the government of Cuba exercised a large degree of control over the assets and the affairs of the appellant, Florida corporation.
The plaintiff-appellees instituted an action in the courts of the State of Florida to recover for the expropriation of its assets. The suit was begun by the ancillary process of attachment against certain property of the Cuba Aeropostal Agency, Inc. It was alleged in effect that the assets of the Florida corporation were the assets of the National Institute of Agrarian Reform. The attachment issued and the assets were taken-into the custody of the court. After trial, the court entered the final judgment above-quoted, and the Florida corporation brings this appeal from that judgment.
The appellant corporation presents-three points upon appeal. We find it necessary to discuss only the first since we believe that it is determinative of the outcome of the appeal. Appellant urges that where a party files an action for damages against a defendant, initiating the action by attaching property of that defendant, and where upon *766 final hearing the court finds that there is no basis for a money judgment against said defendant, the court is without power to order the sale of the attached property to satisfy a judgment against another defendant. By referring to the final judgment entered, it appears that the trial judge did, in fact, find that there was no basis for an action against the appellant-defendant, Cuba Aeropostal Agency, Inc. The judgment itself speaks of “ * * * there being no direct relationship between the plaintiff and the defendant, Cuba Aeropostal Agency, Inc., a Florida corporation, other than by virtue of said attachment, it is therefore adjudged that there is no basis for the entry of a money judgment against the defendant, Cuba Aeropostal Agency, Inc., a Florida corporation, and they are forthwith discharged and dismissed in the above-styled cause.” This being true, there is no basis for the attachment and it must be dissolved.
It is true that in a proper case attachment may be employed to secure jurisdiction of the res while jurisdiction of the defendant may be secured by constructive service. In that event, the judgment is not personal and is limited to the attached property. Newton v. Bryan, 142 Fla. 14, 194 So. 282. Nevertheless, the attachment proceeding is recognized as being entirely dependent on the maintenance of an independent action or suit and has no existence apart from the claim of the plaintiff against the defendant. Jansik v. Studstill & Hollenbeck, Inc., 153 Fla. 870, 16 So.2d 165. In the instant case, the judge found, and his conclusion is amply substantiated by the record, that there was no basis for a money judgment against the defendant, Cuba Aeropostal Agency, Inc., a Florida corporation. The court had previously secured jurisdiction of the person of the Florida corporation. Therefore, the failure to enter a money judgment was not based upon lack of jurisdiction over the person of that defendant. The refusal to enter the money judgment was expressly based upon the failure to establish a debt. The debt having failed, there was no basis for the attachment, and it must be dissolved. The judgment appealed is reversed and the cause remanded with directions to enter a judgment dissolving the attachment.
Reversed and remanded.