JORGENSON, Judge.
This is an appeal from a final judgment entered by the trial court denying a partition and other relief sought by the appellants.[1] For the reasons which follow, we affirm in part and reverse in part.
In the early 1970’s, Lewis X. Cohen, now deceased, and Bert Roth made certain real property investments in northeast Dade County. Their oral understanding was reduced to writing in a joint venture agreement which appears as an appendix to this opinion. The properties in question were managed primarily by Bert Roth, with occasional consultation from Lewis Cohen. Throughout the period of co-ownership, the profits were evenly divided. Following the death of Lewis X. Cohen in July, 1979, the estate and Pearl Cohen determined that they no longer wished to participate in the joint venture agreement, resulting in the action below.
We conclude that the trial court properly denied the partition action. Iglehart v. Phillips, 383 So.2d 610 (Fla.1980); Condrey v. Condrey, 92 So.2d 423 (Fla.1957). The joint venture agreement, viewed in its totality, precludes partition where, as here, a unanimous consent provision is present. The agreement specifically establishes in Paragraph 7 that husband and wife are to be treated as a unit. It is clear from this record that there has been substantial performance under the agreement and that the parties have relied upon it. The trial court correctly viewed the Cohens and the Roths as two separate units and did not abuse its discretion in denying partition.
It was error, however, to deny the accounting. The Roths owe a fiduciary duty to the appellants and, thus, must give account of their activity. Donahue v. Davis, 68 So.2d 163 (Fla.1953); Manning v. Clark, 56 So.2d 521 (Fla.1951); Cushman v. Schubert, 110 So.2d 703 (Fla. 2d DCA 1959).
Affirmed in part, reversed in part and remanded for further proceedings in accordance with the views expressed herein.
APPENDIX
JOINT VENTURE AGREEMENT
THIS AGREEMENT OF JOINT VENTURE made and entered into by and between BERT ROTH and GERTRUDE ROTH, husband and wife, of 11950 North Bayshore Drive (Apartment 7B), North Miami, Florida, hereinafter referred to as “First Parties”, and LEWIS X. COHEN and PEARL COHEN, husband and wife, of 1301 N. E. Miami Gardens Drive (Apartment 606W), North Miami Beach, Florida, hereinafter referred to as “Second Parties”;
*745 WITNESSETH:
WHEREAS, the parties hereto are the owners in fee simple absolute of each of the parcels of property hereinafter described, each of the parties having an undivided one-half interest in and to each of the said parcels of property; and
WHEREAS, the parties are desirous of formalizing their understanding and agreement with respect to the ownership, management, obligations and benefits and profits appertaining to the said parcels of property and derived from the said parcels of property.
NOW, THEREFORE, in consideration of the mutual covenants herein contained, and other good and valuable considerations, it is mutually agreed by and between the parties hereto as follows:
1. That the above recitations are true and correct and are incorporated herein as if fully set forth.
2. The subject parcels in which the parties each own an undivided one-half interest are as follows:
PARCEL NO. 1 — “Mid-Bay Club Apartments”
Lots 212 and 213, Block 14, SANS SOUCI ESTATES, according to the Plat thereof, recorded in Plat Book 50, Page 86, of the Public Records of Dade County, Florida. Lot 5, in Block 7, of SANS SOUCI ESTATES, according to the Plat thereof, recorded in Plat Book 50, Page 86, of the Public Records of Dade County, Florida.
PARCEL NO. 2 — 'Nanis Building”
The West 20 feet of Lot 3, and all of Lot 4, in Block 339, of UNIT “A” MIAMI SHORES, as recorded in Plat Book 17, at Pages 44, 45, 46, 47 and 48, Dade County Public Records.
PARCEL NO. 3 — “Miami Shores Stores”
All of that part of Lot 16, East of Easterly line of Biscayne Boulevard or State Road No. 4-A, of ASBURY PARK, according to the Amended Plat thereof, recorded in Plat Book 4, at Page 110, of the Public Records of Dade County, Florida.
Irrespective of the fact that record title with respect to the parcels of property above-described may be vested in husband and wife or husband, individually, the parties acknowledge that the “First Parties” have an undivided one-half interest in and to each of the above-described parcels of property and, also, that the “Second Parties” have an undivided one-half interest in and to the above-described parcels of property.
3. Certain mortgage note or notes have been executed by the parties to this Agreement or, in some instances, by the husband alone and, in some instances, by parties other than the parties hereto, namely, mortgagors in the chain of title. Notwithstanding this fact, the parties acknowledge, each to the other, that with respect to the mortgage obligations outstanding against the parcels of property hereinabove described, each of the parties hereto (Husband and Wife) is and shall continue to be liable for one-half of the mortgage obligations inclusive of the monthly principal and interest provisions thereof. Similarly, with respect to all other obligations appertaining to the maintenance, operation and upkeep, each of the parties agrees and acknowledges that they are liable for and shall continue to be liable for one-half of each of said obligations.
4. Each of the parties hereto (husband and wife) shall share equally in the revenues and income derived from each of the subject properties.
5. The parcels of property hereinabove described, and any of them, may be sold only upon the unanimous consent and agreement of the parties hereto. In the event, however, a party is desirous of selling their interest in any one or more, of the subject parcels of property, and the other parties are unwilling to sell, then the parties desirous of selling shall notify the other parties in writing of any offer received from a third party willing to acquire the interest of the selling parties, and the parties unwilling to sell shall have 30 days within which to purchase the parcel (or *746 parcels) from the selling parties upon the terms as set forth in the offer received from the third party. Should the declining parties fail to accept the terms as set forth in the offer received from the third party within said 30 day period, the selling parties shall thereupon be permitted to consummate the sale of their one-half interest to the third party.
6.Should either of the parties fail to pay their share of any of the taxes, assessments, mortgage payments, and other obligations appertaining to the management, maintenance and upkeep of the parcels of property afore-described, or any of them, the other parties shall have the right to advance the required monies and to receive interest thereon computed at the rate of 10% per annum and, also, upon such ad-vanee, or advances, to have a lien upon and against the undivided one-half interest of the defaulting parties.
7. Any reference hereto to “party” or “parties” shall mean the husband and wife acting as a unit.
8. Nothing herein contained shall be deemed to construe the existence of a partnership or joint venture with respect to any other holdings or properties of the respective parties.
9. This Agreement shall be binding upon the parties hereto, their heirs and personal representatives.
IN WITNESS WHEREOF, we have hereunto set our hands and seals at _, Dade County, Florida, this _day of February, 1975.

. Stuart and Jay Cohen appear as the personal representatives of the estate of Lewis X. Cohen, deceased. Pearl Cohen appears individually.