400 So.2d 1254 (1981)
Judith Turner FINE, Appellant,
v.
Teresa E. FINE, Appellee.
No. 81-149.
District Court of Appeal of Florida, Fifth District.
June 17, 1981.
Rehearing Denied July 21, 1981.
*1255 Hale R. Stancil, P.A., Ocala, for appellant.
E.G. Musleh, P.A., Ocala, for appellee.

ON MOTION TO RECONSIDER MOTION TO DISMISS
COWART, Judge.
Teresa Fine obtained a judgment for child support arrearages against her ex-husband, Robert Fine. The judgment was recorded and became a lien against real property, which Robert and his second wife, Judith, held as tenants by the entirety, subsequent to Robert's and Judith's execution of a contract by which they agreed to sell the property to third parties. To facilitate closing of the sale, a portion of the proceeds sufficient to satisfy the judgment was placed in escrow with the buyers' attorney.
Teresa became aware of the existence of this fund and attempted to obtain execution of her judgment against the fund by filing a "petition for writ of attachment" in the original divorce action. This petition sought a court order requiring the buyers' attorney to pay the money to Teresa. Robert's wife, Judith, filed an answer to the petition and contested issuance of the order. The court rejected Judith's arguments and issued the requested order. Judith appeals this order, and Teresa moves to dismiss the appeal, contending that Judith has no standing to appeal because she was not a party to the action below.
Judith contends that she became a party to the action, an action between Teresa and Robert for dissolution of marriage, by "subjecting herself to the jurisdiction of the court." The jurisdiction of the court can be exercised only within the scope of the pleadings in the action and, since these pleadings did not state a claim as against Judith, she cannot make herself a party to the action by merely appearing and defending on Robert's behalf.
Judith also contends that she has standing to appeal the order because it affects her property rights in the fund. This is not so because we have determined that the order is ineffective to adjudicate title to the escrow fund.
Attachment is available to enforce a creditor's rights only against "the goods and chattels, lands and tenements of his debtor," language which does not include a fund of money. § 76.01, Fla. Stat. (1979). It further requires allegations that there is some danger that the property will be soon unavailable for levy of execution, or that the debtor is or will be unavailable; no such allegations were made here. See §§ 76.04, 76.05, Fla. Stat. (1979).
Teresa may enforce her judgment against the fund if she properly proceeds to obtain a writ of garnishment under chapter 77, Florida Statutes. In such event Judith will be able to assert her rights to the fund by becoming a party to the garnishment action under § 77.16, Florida Statutes (1979).
Since we have determined that the attachment order can give Teresa no rights against the escrow fund, and since Judith's rights to the fund are not therefore affected by the order, her appeal is hereby dismissed.
ORFINGER and COBB, JJ., concur.