416 So.2d 498 (1982)
Meredith J. COHEN, Appellant,
v.
Leroy HARDMAN d/b/a Action Bail Bond, and Dependable Insurance Co., Inc., Armond Savoie, James Lee Savage, and State of Florida, Appellees.
No. 81-447.
District Court of Appeal of Florida, Fifth District.
July 7, 1982.
*499 Eli H. Subin and Ralph C. Losey of Subin, Shams, Rosenbluth & Moran, Orlando, for appellant.
Joel A. Spector, Orlando, for appellees.
SHARP, Judge.
Cohen appeals from a trial court order setting aside a remission of forfeiture and requiring him to deposit into the registry of the Clerk of the Circuit Court of the Ninth Judicial Circuit, five thousand one hundred fifty dollars ($5,150). We reverse.
James Lee Savage was the principal on two bail bonds, totalling five thousand two hundred fifty dollars ($5,250), posted by Dependable Insurance Company through its surety agent Leroy Hardman, d/b/a Action Bail Bond. The bonds were estreated in November, 1979, after Savage failed to appear in court to answer to charges of trafficking in stolen property. Hardman paid the forfeitures to the Clerk of the Court and the bonds were discharged. Armond Savoie, allegedly involved with Savage, indemnified Hardman.
Savage was arrested again for the charges in May, 1980 and he retained Cohen as his attorney. Pursuant to plea negotiations, Savage entered a plea of nolo contendere to one charge, subject to certain conditions. Two of the conditions were Savage's cooperation with the State in related proceedings and the State's remission of the forfeited bonds at the conclusion of the police investigations. Savage was sentenced pursuant to these terms, and he eventually sought remission of the bonds.
Attached to motions for remission of the forfeited bail bonds were affidavits in which Savage alleged he had paid the surety and, thus, was entitled to receive the funds. Cohen represented Savage in these proceedings. Copies of the motions for remission were sent to the assistant state attorney, but no notice was sent to Hardman, Savoie, or Dependable.
Because he allegedly feared for his own safety, Savage requested the trial court to remit the forfeited bond funds to him through his attorney, Cohen. The court did so in June, 1980. The record shows Cohen disbursed the funds from his trust account. Cohen's disbursal statement shows he retained two thousand dollars ($2,000) as the balance due for his attorney's fees, he applied one hundred dollars ($100) towards court costs, and he disbursed the remaining three thousand one hundred fifty dollars ($3,150) to Savage. After Savage testified against his former associates, his probation was terminated in December, 1980. Pursuant to the terms of the negotiated plea, Savage moved out of the State and assumed a new identity.
Claiming Savage had not reimbursed him for the forfeited bonds and that he was entitled to receive the funds, Hardman filed a motion in February, 1981 to set aside the bond remission. Savage was not served or notified of Hardman's motions and was not represented at the hearing. Sua sponte, the court added Savoie as a necessary party. Savoie then moved the court to order Cohen to deposit the bond proceeds ($5,250) with the Clerk of the Circuit Court. After a hearing with Cohen, Hardman and Savoie present, the trial court set aside the bond remissions and ordered Cohen to return the *500 funds to the registry of the court, pending a determination of who was entitled to them.
The facts in this case are so unique we have found no case in point. However, the remedy granted is analogous to the propriety vel non of a prejudgment attachment of property or preliminary injunction requiring the payment of funds to the court's registry in advance of trial. Such court orders are only appropriate in extraordinary circumstances or when legal remedies are shown to be inadequate, and the right to recover is clear. Haber v. Nassitts, 12 Fla. 589 (1869); Oxford International Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979). None of these facts are established by the record in this case.
Cohen no longer has the bond proceeds which the court has ordered remitted. His trust account checks and his disbursal statement show the money has been disbursed. The court's order setting aside the remissions of forfeiture necessarily requires that Cohen deposit his own funds into the court registry to replace the disbursed ones. It also states the court has not determined who is entitled to the funds, and it does not impose on Cohen any liability for his handling of the matter. This premature action is similar to ordering the imposition of a constructive trust on a person's assets before there has been a determination that the trust should be imposed. Cf. Palmland Villas I Condominium Association, Inc. v. Taylor, 390 So.2d 123 (Fla. 4th DCA 1980). Even if the funds from an express trust were (allegedly) wrongfully or negligently disbursed by the trustee, it puts the cart before the horse to require their restoration before the trustee's liability has been determined. Thomas v. Carlton, 106 Fla. 648, 143 So. 780 (1932).
Because we conclude the trial court exceeded its powers in ordering Cohen to deposit his own funds to replace the bond proceeds in advance of determining his liability therefore, the appealed order is
REVERSED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.