447 So.2d 963 (1984)
Stephen B. FREEMAN, Appellant,
v.
Glenda FREEMAN, Appellee.
No. AQ-401.
District Court of Appeal of Florida, First District.
March 16, 1984.
Antony E. Fiorentino, Pensacola, for appellant.
William J. Manikas, Pensacola, for appellee.
PER CURIAM.
This is an appeal from a final judgment dissolving Stephen Freeman's (Stephen) and Glenda Freeman's (Glenda) marriage pursuant to Chapter 61, Florida Statutes. Following Glenda's petition for dissolution, a default was entered against Stephen for failure to answer or take any other steps within the time allowed by law. Glenda and Stephen voluntarily executed an agreement in which the parties agreed that custody of Stephen's minor child from a previous marriage, Joseph L. Freeman (Joseph), should be given to Glenda, with Stephen providing monthly child support. Over four months later, the trial court entered its final judgment which incorporated, by reference, the parties' agreement. On the *964 same day, but after the final judgment was filed with the clerk of the court, Stephen moved to set aside the default. Eight days later, Stephen moved to set aside the final judgment, arguing the trial court lacked subject matter jurisdiction over the custody of his child. After a hearing, both motions were denied.
Glenda's petition for dissolution, filed April 26, 1982, contains no factual allegation of any sort relating to Joseph. The prayer for relief requests support for "the Husband's minor child which she cares for, ..." but does not name the child nor make any reference to or request an award of custody of that child. The voluntarily executed agreement, signed on May 18, 1982, settled all financial and property issues between Glenda and Stephen, and in addition, made the following agreement concerning custody of Stephen's child:
The Husband has a child from a previous marriage, Joseph L. Freeman, d.o.b. January 4, 1975. The Husband recognizes that the best interests of the child will be served by permitting the Wife to retain custody of the minor child, and therefore, the Wife shall have the permanent care, custody and control of the Husband's son, Joseph L. Freeman, subject to the Husband's right of reasonable visitation upon reasonable notice... .
On May 20, 1982, two days after the signing of the agreement, a motion for default judgment was filed and a default was entered by the clerk.
The written agreement was file marked by the clerk and placed in the court file on July 30, 1982. At the brief final hearing on September 8, 1982, of which the husband received no notice and did not attend, the following casual reference was made to the child and the parties' agreement concerning custody:
Q. Let me show you this agreement which has been filed with the Court on July 30th, 1982. Now is that the agreement you and your husband entered into?
A. Yes.
Q. And did your husband have a child prior to this marriage?
A. Yes.
Q. And was that Joseph L. Freeman whose date of birth was January 4th, 1975?
A. Yes.
Q. And have you raised that child since his birth?
A. Yes.
Q. And have you and your husband discussed the fact that you would have custody of this little boy and take care of him?
A. Yes, sir.
Q. And you've agreed on that?
A. Yes, we have.
MR. GRIFFITH: Judge, I would like to have this agreement marked as Petitioner's Exhibit Number One.
The court's final judgment, entered September 8, 1982, the same date as the first hearing, approved and incorporated the agreement by reference, and ordered the parties to comply with it. No other reference was made to the child, nor to the matter of custody. As can be seen from the foregoing, at no time was the trial court presented with any pleading stating any grounds for depriving the natural father of the right of custody of his child. A defendant against whom a default is entered admits only the well-pleaded facts and acquiesces only in the relief specifically prayed for. Williams v. Williams, 227 So.2d 746 (Fla. 2nd DCA 1969). The award of relief not sought by the pleadings is error. Hernandez v. Hernandez, 444 So.2d 35 (Fla. 3rd DCA 1983). The jurisdiction of the court can be exercised only within the scope of the pleadings. Fine v. Fine, 400 So.2d 1254 (Fla. 5th DCA 1981).
Stephen's out-of-court agreement did not excuse Glenda's failure to plead facts justifying the court's exercise of jurisdiction over the child. Nothing in the agreement placed the uncounselled husband on notice that a court order would be sought by the wife effecting severe restrictions on his parental rights and imposing *965 upon him the burden of showing changed conditions in order to regain his parental control and custody over the child. Glenda's contention that the agreement substituted for a pleading is not well taken. As an agreement between the parties, unlike a pleading filed in the case, the same remained subject to repudiation or modification by either or both of the parties at any time, without the necessity of complying with any rule, or seeking leave of court. We note that agreements to transfer custody of a minor child are generally held against public policy and are not binding on the parties. Hernandez v. Thomas, 50 Fla. 522, 39 So. 641 (1905); DiGiorgio v. DiGiorgio, 153 Fla. 24, 13 So.2d 596 (1943).
If the agreement was indeed a "pleading" by the husband when signed by him, then the default was improperly entered, and the husband should have been notified of the final hearing. The agreement contains no waiver of notice of further hearings or proceedings in the case. Significantly, the agreement itself was treated and understood by the parties as evidentiary in nature and was not enforceable as to child custody until ratified by the court. As indicated previously, the agreement was not even placed in the court file until after the default judgment was entered by the clerk. Therefore, under the authorities already alluded to, there was nothing in the court file to confer jurisdiction over the child when the default was entered. Glenda's contention that the child custody issue was tried by the express or implied consent of the parties (Rule 1.190(b), Florida Rules of Civil Procedure) is unavailing, since the husband received no notice of the final hearing, and appellee could not introduce a new cause of action without notice to and service upon appellant.
The errors in this proceeding were timely brought to the attention of the trial judge, and it was an abuse of discretion for the trial judge to fail to set aside the judgment with respect to child custody. Accordingly, the final judgment is REVERSED as to its award of child custody and the trial court is further directed that either party may be permitted to proceed with further litigation concerning custody as he or she might deem advisable, with due regard for the procedural and substantive requirements applicable in such cases.
LARRY G. SMITH, WENTWORTH and JOANOS, JJ., concur.