## In re EMERALD PLAZA WEST, INC., Debtor.

### Israel RODRIGUEZ, Plaintiff,

v.

### GREAT AMERICAN BANK OF DADE COUNTY, N/K/A Barnett Bank, and William Roemelmeyer, Trustee, Defendants.

**Bankruptcy No. 84–00992–BKC–TCB. Adv. No. 85–0018–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Feb. 20, 1985.

Robert Roth, Miami, Fla., for plaintiff.

Robert A. Mark, Miami, Fla., for Great American Bank.

George DeFabio, Coral Gables, Fla., for debtor.

William Manker, Miami, Fla., for trustee.

William Roemelmeyer, Miami, Fla., trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiff/creditor in this chapter 7 case seeks a determination that the defendant bank's asserted pre-petition attachment lien against a fund of about $65,000 is not a valid lien and, therefore, the bank is an unsecured creditor and this fund should be turned over to the trustee for ratable distribution to all unsecured creditors. The bank has answered (C.P. No. 5) and the matter was tried on February 14.

The writ of attachment was issued on January 8, 1981 by the State court against the second mortgage interest of the debtor corporation in certain real property in Dade County. The following day, the State court entered an Order modifying the writ of attachment in order that a closing between third parties and the debtor corporation scheduled for that day not be frustrated. That Order released the attached mortgage proceeds for partial distribution to other interested parties and provided that:

> "The balance of the fund ... shall be retained in the trust account of Pertnoy and Greenberg and not disbursed to any person until further order of this Court."

The writ of attachment was never levied upon the mortgage, that is to say it was never served upon the mortgagor. Instead, the writ of attachment was served upon the escrow agents after the mortgage proceeds had been paid in cash to the escrow agents.

It is the plaintiff's argument that because a writ of attachment does not lie against money, but only against "the goods and chattels, lands and tenements of a debtor", the writ of attachment was never perfected and, therefore, never became a lien before the date of bankruptcy, at which moment the trustee acquired title to the escrowed funds under the bankruptcy "strong arm" clause. 11 U.S.C. § 544(a). It is not disputed that under Florida law a writ of attachment does not become effective until the levy of the writ. *Fla.Stat.* § 76.14 (1983); 13 *Fla.Jur.*2d, Creditors' Rights § 115. It is also conceded that the appropriate writ against money is a writ of garnishment rather than a writ of attachment. *Fine v. Fine*, 400 So.2d 1254, 1255 (Fla. 5th Dist.Ct.App.1981). Therefore, the plaintiff argues, the writ of attachment was totally ineffective to perfect any pre-petition lien against the money in question which is valid as against the bankruptcy trustee.

I disagree. Plaintiff's argument disregards the effect of the State court order modifying the writ of attachment. Although that Order does not expressly or explicitly say so, the actual and only effect of that Order was to amend the writ of attachment to a writ of garnishment effective against the cash proceeds of the mortgage. The intent of the State court and the parties cannot be interpreted otherwise. Furthermore, by that Order the State court recognized the effectiveness of the attachment/garnishment in favor of the bank by expressly retaining control over the funds in question here.

On November 8, 1984, upon the bank's motion in this court under § 362(d), the bankruptcy stay was modified to permit the bank to proceed in the State court to obtain a judgment and an order directing release of the funds in question. The bank has done so, and on January 4, 1985, it obtained an Order Releasing Attached Funds from the State court. In the Order granting relief from the bankruptcy stay, it was explicitly stipulated that the trustee or any other party in interest could file an action in the bankruptcy case contesting the validity of the bank's attachment lien and its right to the funds as directed by the State court. That provision was proposed by stipulation between the parties and was approved by this court. The present action constitutes an exercise of the reserved jurisdiction.

However, as has already been noted, I am satisfied that the bank's pre-judgment writ of attachment issued by the State court was modified by the State court on the next day into a writ of garnishment which was immediately served upon the escrow holders, thus perfecting for the bank a secured position with respect to those funds. The State court has since upheld the bank's claim and its entitlement to those funds.

As is required by B.R. 9021(a), a separate judgment will be entered determining that the defendant, Great American Bank of Dade County, is entitled to the funds in question here and the State court's Order Releasing Attached Funds entered January 4, 1985 may be enforced. Costs may be taxed on motion.