**In re MURRAY INDUSTRIES, INC., Debtor.**

**MURRAY INDUSTRIES, INC., Plaintiff,**

**v.**

**NORWEST BANK MINNEAPOLIS, N.A., et al., Defendants.**

**Bankruptcy Nos. 88–7473–8P1 to 88–7488–8P1.**
**Adv. No. 89–141.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 29, 1989.

John K. Olson, Stearns Weaver, Tampa, Fla., for plaintiff Murray Industries, Inc.

Jay Gottlieb, Haythe & Curley, New York City, Richard A. Nielsen, Salem, Saxon & Nielsen, Tampa, Fla., for defendants G. Dale Murray and Susan Murray.

William D. Mitchell, Foley, Lardner & Hill, Tampa, Fla., for defendant Norwest Bank Minneapolis, P.A.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 case and the matter under consideration is a Motion for Summary Judgment filed by G. Dale Murray and Susan Murray, his wife (Murrays), two of the named Defendants in the above-captioned adversary proceeding. The adversary proceeding is filed by Murray Industries, Inc. (Debtor). The Amended Complaint seeks an injunction seeking to prohibit Norwest Bank Minneapolis, NA., as Trustee of the Murray Industries, Inc., Retirement and Savings Plan Trust (Bank) not to make any disbursement from the corpus of a trust either to G. Dale Murray or to his wife, Susan Murray. The Complaint also seeks a permanent injunction after a judicial determination that the corpus of the trust involved in this litigation is property of the estate. In the alternative, the Debtor contends that it is entitled to garnish, attach or otherwise appropriate the funds currently held by the Bank as Trustee to satisfy the several claims of the Debtor against G. Dale Murray.

In due course, all the Defendants filed their respective Answers. In addition, the Bank also filed a counter-and crossclaim. The answer to the Amended Complaint filed by the Murrays, in addition to a general denial stated in the nature of affirmative defenses, 1) that the Amended Complaint failed to state a cause of action; 2) that this Court lacks subject matter jurisdiction; and, 3) the Amended Complaint attempts to subject the corpus of the trust to the claims of the Debtor which, even if found to be valid, cannot be recovered to satisfy these claims simply because under the law of this State, by virtue of Fla.Stat. § 222.21, these claims are exempt.

The immediate matters under consideration are two Motions for Summary Judgment, one filed by the Murrays and the other by the Bank. Both Defendants contend that there are no genuine issues of material fact and the matter can be resolved in their respective favors as a matter of law. The Motion of the Murrays is supported by an affidavit filed by G. Dale Murray. The Motion for Summary Judgment filed by the Bank is also accompanied by an affidavit of Joyce L. Traynor. In opposition of the Motions, the Debtor filed two affidavits, one by Bill Batastini, vice-president of the Debtor and the other by Kathleen Durden, an independent contractor retained by the Debtor.

In order to put this matter under consideration in the proper focus, it would be helpful to recite the facts which are indeed without dispute which appear from the record and which are as follows:

G. Dale Murray, one of the two Defendants, was at the time relevant to this controversy chairman of the board and president of Murray Industries, Inc., the Debtor. During his employment, the Debtor established a retirement savings plan for the employees pursuant to 26 U.S.C. § 401, et seq. (ERISA Plan), a restatement of which became effective December 1, 1983, (Exh. No. 1) The Plan contains certain specific provisions designed to comply with the requirements of ERISA. It is without dispute the ERISA Plan set up by the Debtor did qualify under the Statute § 401(a) of the Internal Revenue Code of 1986 as amended. The Plan provides, inter alia, that the funds are to be placed in two different accounts, the contribution by the employers in the Employees' Deferral Account and the contribution to the fund by

the Debtor in the Company Contribution Account. The funds placed in these accounts are now held by the other Defendant, the Bank, who is acting as Trustee in charge of the administration of the Plan. G.D. Murray, as an employee of the Debtor, participated in the Plan. Susan Murray, the spouse of G. Dale Murray, while never employed by the Debtor, is named as a beneficiary of the Plan (Paragraph 2.4 of Exhibit No. 1) Section 3.4(c) of the Plan provides that Susan Murray's benefits will be paid to her in the form of a joint and survivor annuity unless she consents to a different form of distribution. Pursuant to § 3.3 of the Plan, all participating employees under the Plan are entitled to elect to defer from 1% to 5% of their compensation, which deferred compensation is deposited in the Employee Deferral Account. Section 3.6 of the Plan provides that the Debtor also contribute monies which are deposited in the Company Contribution Account for the benefit of each participant in the Plan. Pursuant to § 6.2 of the Plan, a participant under the Plan is entitled to receive the fair market value of his or her share in the Employee Deferral Account and his vested interest in the Company Contribution Account if the participant's employment terminated prior to the date the participant would be entitled to receive a retirement benefit.

It is without dispute that the employment of Murray was terminated in August 1988, thus, pursuant to the applicable provisions of the Plan, the Murrays are entitled to have immediate access to the funds in the ERISA accounts maintained by the Bank.

In opposition to the Motion for Summary Judgment filed by the Murrays, the Debtor filed two affidavits. Both of these Affidavits set forth allegations that G. Dale Murray defrauded the Debtor and is guilty of defalcation while he was in charge of the affairs of the Debtor in the sum of in excess of five million dollars. According to the Debtor, these allegations alone would be sufficient to create a factual issue which, of course, would prevent the disposition of the matter in controversy, as a matter of law in favor of Murray by a

summary judgment (*citing, St. Paul Fire & Marine Insurance Co. v. Cox*, 752 F.2d 550 (11th Cir.1985)).

Based on the foregoing facts, it is the contention of the Defendants, the Murrays, that they are entitled to a judgment in their favor dismissing the Complaint filed by the Debtor with prejudice. In opposing the position of the Debtor, the Murrays contend that the funds in the ERISA Plan are exempt by virtue of Chapter 222.21 Fla. Stat., which created a new exemption available to the citizens of this State. Relying on this Statute, the Murrays contend that even if one accepts the proposition that these monies are properties of the estate, they cannot be seized to satisfy any claim that the Debtor has against them, validity of which they vigorously challenge. In the alternative, the Murrays contend that even if they are not exempt and they may be impressed by a constructive trust in favor of the Debtor and against the Murrays, the claims of the Debtor have yet to be established and there is no present right to the injunctive relief sought by the Debtor.

■ It should be noted at the outset that it is without dispute that Susan Murray, the wife of G. Dale Murray, one of the Defendants named in the adversary proceeding, had absolutely nothing to do and has never been involved in any of the affairs of the Debtor. There is nothing in this record to indicate that she was ever an officer or director and there is no allegation in the Amended Complaint which even remotely suggests that Susan Murray is guilty of any wrongdoing. Thus, even accepting the proposition urged by the Debtor, it is clear that no injunctive relief would be appropriate, as it relates to her rights, in the funds placed in the Plan in which she is the named beneficiary.

■ Considering the claim asserted against G. Dale Murray, a close analysis of the claim asserted by the Debtor also leaves hardly any doubt that the Debtor is not entitled to the relief it seeks for the following reasons: First, the monies currently held by the Bank in the ERISA trust never have been properties of the estate of

the Debtor. Thus, any claim of exemption under local law is not involved in the conventional sense at all in this proceeding. There is no dispute that the funds held by the Bank are made up of contributions made by Murray and by the corresponding contributions made by the Debtor. In order to reach these funds, the Debtor must first establish a legal right to these funds, i.e., obtain a judgment against the Murrays on its claims asserted against Murray, and after having obtained a money judgment, then may seize the monies pursuant to a writ of execution issued by the court which awarded the judgment to the Debtor and against the Murrays. While it is true that one may obtain a prejudgment attachment under certain specific conditions, no facts alleged in this Complaint warrant authorization for the seizure of the funds in the ERISA accounts pursuant to a prejudgment attachment. This is so because before one obtains a prejudgment attachment, it must be established first that there is a pending lawsuit; second, there is a likelihood that the Plaintiff will ultimately prevail; third, unless the properties of the Defendants are seized, any victory achieved, if judgment is awarded, would be meaningless because there will no longer be any properties which could be seized to satisfy the judgment.

It is well recognized in this State that an attachment proceeding is entirely dependent on maintenance of an independent action or suit and has no legal existence apart from the claim of the plaintiff against the defendant. *Cuba Aeropostal Agency, Inc. v. Kane*, 145 So.2d 764 (Fla. App.1962). A prejudgment attachment of property or a preliminary injunction requiring payment of funds to the court's registry, even in advance of a trial, will only be appropriate under extraordinary circumstances or when legal remedies are shown to be inadequate and the right to recover is clear. *Cohen v. Hardman*, 416 So.2d 498 (Fla.App.1982). The statute dealing with this subject in this State, Fla.Stat. 76.01, et seq., does not authorize the attachment of funds of money, *Fine v. Fine*, 400 So.2d 1254 (Fla.App.1981), and it is highly questionable whether or not any return of attachment issued by this Court would effectively seize funds held by the Bank outside of the State of Florida.

Based on the foregoing, there is hardly any question that the relief sought by the Debtor, at least in the manner in which it is presented, is neither supported by general legal principles governing attachments in general, nor by Fla.Stat. § 76.01, et seq.

In the present instance, there is no lawsuit pending by the Debtor against the Murrays. There is no showing or even any indication that one ever will be filed. Moreover, even assuming for the purpose of discussion that in light of this development, the Debtor will file one, and will be able to make a showing that it will ultimately prevail on its claims based on a breach of fiduciary by Murray or defalcation by Murray as a corporate officer, it still would not be able to establish that the monies on deposit held by the Bank in the ERISA accounts would be subject to its claim and could be levied on in light of the exemption created by § 222.21 of Fla.Stat.

In light of this development, it is clear, and this Court is satisfied, that the contention of the Debtor that under *St. Paul Fire & Marine Insurance, supra*, the exemption rights which otherwise might be available could be forfeited is really premature. The claim of exemption would not come into play until the Debtor obtained a judgment which then the Debtor would attempt to execute on. Based on this, this Court is satisfied that there being no genuine issues of material facts, the moving parties are entitled to a judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by G. Dale Murray and Susan Murray be, and the same is hereby, granted.

A separate Final Judgment shall be entered in accordance with the foregoing.