MAY, C.J.
A defendant in a two-count complaint for breach of contract and foreclosure of a construction lien appeals an order denying his motion to vacate a default judgment against him. He argues the trial court erred in denying the motion because the underlying default judgment is void. We agree and reverse.
The plaintiff filed a two-count complaint against the defendant and his spouse.[1] Count I alleged a breach of contract claim against the wife. It alleged the plaintiff had contracted with the wife to erect a seawall on property owned by the wife and defendant. Count II sought to foreclose a construction lien against both the wife and the defendant on that property.
When the defendants failed to respond, the plaintiff obtained a default final judgment against both in February 2010. The default judgment entitled the plaintiff to recover the outstanding amount due under the contract, plus interest, costs, and attorney’s fees against both defendants, even though the breach of contract count involved only the wife. The default judgment did not mention the foreclosure count.
In August 2010, the plaintiff filed a writ of garnishment against the defendants’ bank accounts. In response, the defendants filed a verified motion to quash service of process, a verified motion to vacate default, and a motion to dissolve the writ of garnishment. The trial court denied the motion to vacate the default.[2] The defendant appeals this order.
“An order denying a motion to vacate a default [judgment] is reviewed under an abuse of discretion standard.” Lloyd’s Underwriter’s at London v. Ruby, Inc., 801 So.2d 138, 139 (Fla. 4th DCA 2001).
The defendant argues the trial court abused its discretion in denying the motion to vacate because the judgment is void. He claims the judgment is void because the complaint failed to state a cause of action against him for breach of contract. He also argues that the count for foreclosure of the construction lien under section 713.12, Florida Statutes (2009), amounted to an “ambush tactic” because it failed to put the defendant on notice.
The plaintiff responds that the complaint sufficiently pled two causes of action and placed the defendant on notice of the lien foreclosure. There was no ambush because the complaint specifically referred to “Chapter 713,” even though the specific subsection was not identified. Further, the plaintiff argues that the defendant’s failure to demonstrate excusable neglect and due diligence warranted the denial of his motion to vacate.
A default judgment:
*1249 operates as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages. It does not admit facts not pleaded, not properly pleaded or conclusions of law. Fair inferences will be made from the pleadings, but forced inferences will not be made. The party seeking affirmative relief may not be granted relief that is not supportef Jd by the pleadings or by substantive law applicable to the pleadings. A party in default may rely on these limitations.
Bd. of Regents v. Stinson-Head, Inc., 504 So.2d 1374, 1375 (Fla. 4th DCA 1987) (emphasis added) (quoting H. Trawick, Trawick’s Florida Practice and Procedure § 25-4 (1986 ed.)).
Under Florida Rule of Civil Procedure 1.500(d), “[t]he court may set aside a default, and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with rule 1.540(b).” Fla. R. Civ. P. 1.500(d). Ordinarily, if the trial court enters a default judgment for failure to file responsive pleadings, and the defendant seeks to set it aside pursuant to Rule 1.540(b), the trial court must determine: “(1) whether the defendant has demonstrated excusable neglect in failing to respond[;] (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, has demonstrated due diligence in seeking relief.” Halpem v. Houser, 949 So.2d 1155, 1157 (Fla. 4th DCA 2007). However, if the default judgment is void, the appellant does not need to establish these elements. Green Solutions Int’l, Inc. v. Gilligan, 807 So.2d 693, 696 (Fla. 5th DCA 2002) (emphasis added).
Under section 713.12, if one spouse enters into a contract for improvements to real property, the non-contracting spouse’s interest in the property is also bound under the agreement so long as the property is owned by at least one spouse and the couple is not living apart. § 713.12, Fla. Stat. (2009). However, this statute “reaches only to the property upon which the improvements were made, and ... does not include personal liability on the part of the non-contracting spouse.” Meadows S. Constr. Co. v. Pezzaniti, 108 So.2d 499, 501 (Fla. 2d DCA 1959).
The plaintiffs complaint alleged only the foreclosure of the lien against the defendant. It did not allege a breach of contract claim. When the trial court entered the default judgment, it made the defendant personally liable, a remedy not sought under the complaint. Although the defendant’s interest in the property could have been encumbered, no personal liability could be attached to the defendant. The defendant simply could not be held personally liable. Id.
The defendant raised the right argument — the judgment is void — but fell slightly short in his explanation of why. Simply stated, the defendant failed to “connect the dots.” The judgment was void not because the complaint failed to state a cause of action as the defendant argued, but because the trial court was without jurisdiction to award relief that was not requested by the complaint. See Fine v. Fine, 400 So.2d 1254, 1255 (Fla. 5th DCA 1981) (“The jurisdiction of the court can be exercised only within the scope of the pleadings in the action.... ”); Sterling Factors Corp. v. U.S. Bank Nat’l Ass’n, 968 So.2d 658, 665 (Fla. 2d DCA 2007) (“A trial court’s lack of subject-matter jurisdiction makes its judgment void.”).
Although the plaintiff acknowledges that it did not allege a breach of contract claim against the defendant, it still argues that the final default judgment is proper because the defendant incurred liability, pursuant to section 713.12. This argument *1250 fails because section 713.12 does not impose personal liability for breach on a non-contracting spouse. Under the plain language of this statute, liability may only extend to the non-contracting spouse’s interest in the property on which the improvement was made. In fact, the plaintiff recognized this by requesting a deficiency judgment if the sale of the real estate failed to satisfy the amount owed.
We also find it curious that the defendants filed a motion to quash service of process that was never heard. According to the defendants’ attestations, they did not receive the summons because they were living at a different address when the summons was served. They learned about the judgment only after the plaintiff garnished their bank accounts. If true, this would provide the excusable neglect otherwise necessary to set aside the default judgment. Due diligence could then be shown because the defendants filed the motion to set aside the default within days after learning of the garnishment.
Because we reverse the order denying the defendant’s motion to vacate the default judgment, this necessarily vacates the cost and fee awards within that judgment as they relate to this defendant. As the defendant argued in his brief, only the foreclosure count provided for the award of fees and there was no judgment entered on that count.

Reversed and Remanded.

GROSS and DAMOORGIAN, JJ., concur.

. The wife has not appealed the order.

. The other motions appear to be pending in the trial court.