ROTHENBERG, J.
“A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer”; or “(4) offer evidence that the lawyer knows to be false.... ” R. Regulating Fla. Bar 4-3.3(a)(1), (4). Despite the clear and unambiguous directive of Rule 4-3.3(a), counsel representing the defendants, Mary Gamar-ra de Headley and Todd Headley (“the Headleys”) in this foreclosure action, made material misrepresentations in the Head-leys’ motion for final judgment, resulting in the issuance of a final judgment that granted relief which was not pled. Because the due process rights of BAC Home Loans Servicing, Inc., f/k/a Countrywide Home Loans, Inc. (“BAC”), were violated, and the trial court committed fundamental error, we reverse.
The salient facts are as follows. In 2006, Mrs. Headley executed and delivered a promissory note, and the Headleys executed a mortgage on the subject property, securing payment of this promissory note. By February 2008, Mrs. Headley had defaulted on the promissory note,[1] and BAC filed its foreclosure action in October 2008. The Headleys filed a one-page answer devoid of any affirmative defenses, and on January 25, 2010, BAC was granted a summary judgment of foreclosure.
In April 2010, the trial court vacated the final judgment of foreclosure entered in favor of BAC, and thereafter, the Head-leys filed an amended answer. The amended answer raised the single affirmative defense of “unclean hands,” and alleged six counterclaims against BAC and seven crossclaims against six new cross-claim defendants. The Headleys, however, did not serve any of the crossclaim defendants and have not otherwise pursued their crossclaims. When BAC failed to respond to the counterclaims alleged by the Headleys in their amended answer, the Headleys obtained a default on their coun *705 terclaims and thereafter filed a motion for a default final judgment. This motion and the trial court’s rulings on the motion are the subject of this appeal.
Specifically, the Headleys’ motion for entry of a final judgment, filed by counsel for the Headleys, noted that BAC had failed to file a responsive pleading tu their crossclaims or counterclaims and that a default had been entered as to their counterclaims against BAC. In this motion, the Headleys and their counsel specified that they were not seeking any monetary damages against BAC, but were, instead, seeking the equitable relief they had requested in their counterclaims. Specifically, the Headleys’ motion for entry of final judgment stated: “The Defendants, by virtue of this motion, are not seeking at this time the granting of monetary damages against the Plaintiff [BAC] but are merely seeking specific in rem relief requested in Defendants’ counterclaim including equitable relief quieting title to real property.” (emphasis added).
Relying on these representations, that the Headleys’ counterclaims specifically requested in rem relief and equitable relief quieting title to the property, the trial court entered an extraordinary order on May 9, 2012, granting “in rem” relief as to the Headleys’ counterclaims; declaring the mortgage and promissory note “null and void,” “cancelled,” and “satisfied”; and ordering that the subject property be declared free of all encumbrances and liens, and that the Headleys be deemed the rightful owners of the property. The trial court further ordered BAC to surrender the original note and mortgage to the trial court for their immediate cancellation and satisfaction.
The representations made by the Head-leys and their counsel in the motion for entry of a final judgment were, in fact, misrepresentations, as the Headleys’ counterclaims never sought “specific in rem relief’ or “equitable relief quieting title to real property” as their motion claimed. Their counterclaims merely sought “damages, costs, reasonable attorney’s fees, and such other relief as the court deems just and proper .... ”
It is elementary that although a party against whom a default has been properly entered admits the truth of the well-pleaded allegations of the complaint or the counterclaims, the damages which may be awarded may only include the damages specifically sought. Hooters of Am., Inc. v. Carolina Wings, Inc., 655 So.2d 1231, 1233 (Fla. 1st DCA 1995); Freeman v. Freeman, 447 So.2d 963, 964 (Fla. 1st DCA 1984) (“A defendant against whom a default is entered admits only the well-pleaded facts and acquiesces only in the relief specifically prayed for. The award of relief not sought by the pleadings is error.”) (citations omitted).
As the courts of this state have repeatedly held, a trial court lacks jurisdiction to hear and determine matters that were not the subject of proper pleadings and notice. See Mullne v. Sea-Tech Constr., Inc., 84 So.3d 1247, 1249 (Fla. 4th DCA 2012); Carroll & Assocs., P.A. v. Galindo, 864 So.2d 24, 28 (Fla. 3d DCA 2003); In re Estate of Hatcher, 439 So.2d 977, 980 (Fla. 3d DCA 1983); Fine v. Fine, 400 So.2d 1254, 1255 (Fla. 5th DCA 1981). “To allow a court to rule on a matter without proper pleadings and notice is vio-lative of a party’s due process rights.” Carroll & Assocs., 864 So.2d at 29.
The entry of a default judgment which provides relief that exceeds the scope of the pleadings constitutes fundamental error. Hooters, 655 So.2d at 1235.
Adequate notice is a fundamental element of the right to due process. A litigant may choose to suffer a default, *706 for whatever reason, and suffer the consequences. However, the litigant should be entitled to anticipate the consequences that reasonably flow from the allegations of the complaint.... Any new admittee to the Bar who engages in civil trial practice learns quickly from his or her peers, or upon the first appearance before the trial court for entry of a judgment following default, that “you cannot get more than you asked for in the complaint.”
Id.; see also Verizon Bus. Network Servs., Inc. v. Dep’t of Corrs., 988 So.2d 1148, 1151 (Fla. 1st DCA 2008) (holding that a denial of due process constitutes fundamental error, which may be challenged for the first time on appeal); Bank One, N.A. v. Batronie, 884 So.2d 346, 348-49 (Fla. 2d DCA 2004) (holding that lack of jurisdiction is a fundamental error that may be raised for the first time bn appeal).
In Mullne, the Fourth District found that the default judgment issued by the trial court was void because the trial court was without jurisdiction to award relief that was not requested by the complaint. 84 So.3d at 1249. Similarly, in Carroll & Associates, this Court reversed the portion of the summary judgment that granted relief not pled. 864 So.2d at 28-29.
Aside from the misrepresentations made in the Headleys’ motion for final judgment, where they claimed that the relief they were requesting — in rem relief including equitable relief quieting title— was specifically pled in their counterclaims, they argue on appeal that the final judgment issued by the trial court should nevertheless be affirmed because the “wherefore” clauses of their counterclaims sought “such other relief as the court deems just and proper under the circumstances.” However, such boilerplate requests do not-provide meaningful notice, see Cent. Fla. Council v. Rasmussen, Case No. 6:07-cv-1091-Orl-19GJK, 2010 WL 1258070, at *8 (M.D.Fla. Mar. 29, 2010), and certainly did not provide BAC with notice that if it failed to answer the Head-leys’ counterclaims to BAC’s foreclosure action, the trial court could and would declare the mortgage and promissory note satisfied, order the subject property to be freed of all encumbrances and liens, and declare the defaulting Headleys the rightful .owners of the property. The counterclaims specifically seek monetary damages. They do not request or even suggest that nullification, cancellation, or satisfaction of the note and mortgage was being sought.
By specifically seeking monetary damages, the Headleys elected their remedy, thereby affirming or ratifying their contracts with BAC (the mortgage and note). See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So.2d 306, 313 (Fla.2000) (“A damages claim ... affirms the contract, and thus ratifies the terms of the agreement.”). Thus, any redress that may be available to the Headleys based on their counterclaims is limited to monetary damages (offset of course by their failure to pay on their note since 2008 despite reaping the advantages associated with their possession of the property throughout their default), or rescission. See Bliss & Laughlin Indus., Inc. v. Malley, 364 So.2d 65, 66 (Fla. 4th DCA 1978).
Lastly, we briefly address the Headleys’ argument that despite their failure to specifically request the relief granted by the trial court in their counterclaims, by asserting “unclean hands” as an affirmative defense they invoked the trial court’s equitable jurisdiction, and thus the relief granted was lawful. Affirmative defenses and counterclaims are, however, separate and distinct terms. See Haven Fed. Sav. & Loan Ass’n v. Kirian, 579 So.2d 730, 733 (Fla.1991) (“[Cjounterclaims and affirmative defenses are separate and *707 distinct terms. A counterclaim is a cause of action that seeks affirmative relief, while an affirmative defense defeats the plaintiff’s cause of action by a denial or confession and avoidance.”). While the party against whom a default judgment is entered is deemed to admit only the well-pled facts of the complaint or counterclaim, affirmative defenses are automatically deemed denied as a matter of law and no relief can be granted for the failure to respond to a defense. Fla. R. Civ. P. 1.110(e).
In conclusion, we reverse the inexplicable and extraordinary final judgment entered in this foreclosure action by the trial court because the trial court was without jurisdiction to grant relief not pled by the Headleys in their counterclaims, and remand for a determination of damages, if any. We also remind counsel for the Headleys of his duty of candor to the tribunal. Not only did he file a misleading pleading, which led the trial court to err, he compounded the error by defending an indefensible appeal.
Reversed and remanded.

. No payments have been made on the subject note since Mrs. Headley defaulted in February of 2008.