# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-684
Lower Tribunal No. 11-42770
_____

**NLG, LLC,**
Appellant

vs.

**Elizabeth Hazan,**
Appellee

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Megan K. Wells (Miramar), for appellant.

Levine & Partners and Allan S. Reiss; Mark D. Cohen (Hollywood), for appellee.

Before SUAREZ, SALTER and LOGUE, JJ.

SALTER, J.

A mortgage lender, NLG, LLC (NLG), appeals a final judgment for the mortgagor, Elizabeth Hazan. Finding no basis in the pleadings or applicable law

for the positions advanced by the borrower, we reverse and remand for further proceedings.

Facts and Procedural Background

It is undisputed that NLG sold a home on Fisher Island to Ms. Hazan in 2007 for $5,100,000.00, receiving a purchase money note and mortgage on the residence from Ms. Hazan for $1,275,000.00 of that amount. The note and mortgage required an instalment payment of $300,000.00 one month after the sale, and the note was to mature six months after the sale.

When the required payments were not forthcoming, NLG filed a lawsuit for the collection of the promissory note in the Miami-Dade circuit court. A settlement agreement was entered into, but required payments again were not made. In April 2008, and in accordance with the settlement agreement, a default final judgment on the promissory note was entered against Ms. Hazan and in favor of NLG for $1,618,071.29, plus post-judgment interest. That judgment was recorded on May 2, 2008. The final judgment was affirmed by this Court. Hazan v. NLG, LLC, 995 So. 2d 504 (Fla. 3d DCA 2008). Ms. Hazan then obtained new counsel and moved to vacate the judgment on the promissory note. The motion was denied and Ms. Hazan's further appeal was dismissed by this Court. Hazan v. NLG, LLC, 19 So. 3d 319 (Fla. 3d DCA 2009).

NLG sought and obtained a sheriff's deed to the Fisher Island property by enforcing its judgment. Ms. Hazan moved to vacate that deed, however, on the grounds that the property was her homestead. The then-assigned circuit judge entered an order in December 2008 "quieting title," although Ms. Hazan's motion and the record establish that the order merely extinguished the sheriff's deed. Later, and in this appeal as well, Ms. Hazan argued that the quiet title order also extinguished the lien of NLG's mortgage.

The parties nevertheless entered into a second settlement agreement, and Ms. Hazan made three of the specified payments before defaulting again in February 2009. After additional settlement negotiations were unavailing, NLG filed a complaint to foreclose its mortgage on the Fisher Island home in 2011. In 2012, NLG amended its complaint to add as a defendant the holder of a recorded junior mortgage for $2,000,000.00. NLG alleges that this mortgage was given by Ms. Hazan to a sham Florida limited liability company established by her mother.

The foreclosure case proceeded to non-jury trial, and the trial court entered a final judgment in favor of Ms. Hazan, incorporating the transcript of his post-trial ruling (January 2, 2013) into the final judgment "as though set forth herein." This appeal followed.

Analysis

3

A review of Ms. Hazan's pleadings, applicable law, and the transcript of the trial court's January 2, 2013, hearing, discloses no basis for denying foreclosure to NLG. Default in payment was undisputed (conceded in writing, as it was, in the various settlement agreements, which also included waivers of any defenses). The two arguments advanced by Ms. Hazan's counsel were flawed.

First, NLG's prior suit on the promissory note and recordation of a judgment on the note was not an election of remedies precluding the later enforcement of the mortgage. Junction Bit & Tool Co. v. Village Apartments, Inc., 262 So. 2d 659 (Fla. 1972) (unsatisfied judgment on a promissory note secured by mortgage did not constitute a remedy or a bar to a suit to foreclose the mortgage). See also Royal Palm Corporate Ctr. Ass'n, Ltd. v. PNC Bank, NA, 89 So. 3d 923 (Fla. 4th DCA 2012).

As to the second argument advanced by Ms. Hazan's counsel, the December 2008 order "quieting title" did not extinguish the mortgage or its lien. That order quieted title in Ms. Hazan only to the extent it vacated the sheriff's deed obtained by NLG and disentitled anyone in possession (other than Ms. Hazan) to remain in possession. Neither the motion nor the order support the extinguishment of an unpaid purchase money lien on the home (now exceeding $2,000,000.00), a lien senior to the junior mortgage granted by Ms. Hazan as these proceedings unfolded. Because there is no legal basis for such relief in Ms. Hazan's pleadings, the trial

court's final judgment must be reversed. <u>BAC Home Loans Servicing, Inc. v. Headley</u>, 130 So. 3d 703, 705 (Fla. 3d DCA 2013); <u>Mullne v. Sea-Tech Constr. Inc.</u>, 84 So. 3d 1247, 1249 (Fla. 4th DCA 2012).

Regarding Ms. Hazan's affirmative defenses to the effect that NLG and its representative at trial lacked standing because of an internal dispute among the members, the trial court explicitly stated in the January 2, 2013, transcript (incorporated by the final judgment) that NLG did have standing and that its representative (Mr. Kosachuk) was a proper representative of NLG.

Accordingly, we reverse the final judgment and remand the case for further proceedings, including the enforcement of NLG's mortgage and the reinstatement of the lis pendens and amended lis pendens previously vacated by the final judgment.

Reversed and remanded.