DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIA RUCKDESCHEL** and **MICHAEL RUCKDESCHEL,**
Appellants,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D20-2152

[September 8, 2021]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE-20-11369.

Samuel Alexander of Alexander Appellate Law, P.A., DeLand, for appellants.

Joshua S. Beck of Beck Law, P.A., Boca Raton, and Brett R. Frankel, Jonathan Sabghir and Robert B. Gertzman of People's Trust Insurance Company, Deerfield Beach, for appellee.

PER CURIAM.

Maria and Michael Ruckdeschel ("appellants") appeal a nonfinal order in their underlying property insurance claim against People's Trust Insurance Company ("appellee"). In the appealed order, the trial court granted appellee's motion to compel and required appellants to pay the insurance company's contractor the policy deductible, to execute a work authorization form, and to allow the contractor to perform repairs. As the order provided appellee with injunctive relief in the nature of specific performance which was never supported by a pleading requesting such relief, the trial court erred. We thus reverse.

In 2017, appellants' home was damaged by Hurricane Irma. Their home was covered by an insurance policy provided by appellee. The policy included "right to repair" provisions set out in a "Preferred Contractor Endorsement" to the policy. The endorsement allowed appellee, within thirty days of its inspection, to select Rapid Response Team, LLC to make covered repairs to the dwelling or other structures in lieu of payment. In

the event of this selection by appellee, appellants were required to pay their policy deductible to Rapid Response.

In March 2020, appellants submitted their claim for damages. Appellee's field adjuster inspected the property and prepared an estimate in the amount of $8,002.80, which was below the policy's applicable hurricane deductible of $9,224.00. Appellee subsequently wrote to appellants that their claim was covered, and appellee was exercising its option to repair, but that the damages fell below the deductible. Appellee specifically stated that it "hereby elects to use its preferred contractor, Rapid Response Team, LLC., ("RRT") to repair [appellants'] property to its pre-loss condition by making repairs to all covered damages, once there is a determination of what those damages are[.]"

Pursuant to the terms of the policy, appellee invoked an appraisal, and the parties submitted their claims to an appraiser who determined the scope of repairs, including their cost totaling $104,965.59. Thereafter, appellee wrote to appellants that it was providing a copy of the appraisal award and requested that appellants execute a work authorization form in order for the repairs to proceed in accordance with the appraisal award.

Appellants did not allow appellee to proceed with the repairs. Instead, they filed suit for declaratory relief, asking the trial court to determine that appellee's alleged qualified and conditional exercise of its option to repair was not a valid acceptance, created no actual obligation on behalf of appellee, and did not create a new contract for repairs. Appellee answered by stating that it had successfully exercised its option to repair and that appellants had breached the policy by failing to comply with the policy's conditions. It did not counterclaim for specific performance of the contract.

Shortly thereafter, appellants filed a request for an order to show cause why appellee had not paid the appraisal award, contending that appellee had not properly invoked its right to repair. In turn, appellee filed a motion to compel the right to repair where it asserted that pursuant to the terms of the policy, appellee had the contractual right to repair the alleged damages in accordance with the appraisal award.

The court held a hearing at which appellants objected to appellee's motion to compel, because appellee had never filed suit for specific performance. The trial court denied appellants' motion for an order to show cause but granted appellee's motion to compel, not addressing the fact that appellee had never pled for specific performance. Appellants thereafter filed this appeal.

2

This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), to review nonfinal orders which "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions[.]" The order on appeal required that appellants "pay the applicable deductible," "execute the work authorization provided by [appellee]," and "allow Rapid Response Team, LLC to perform the elected repairs." It constitutes an order of injunctive relief. *See Cabana Key Condo. Ass'n v. Schofield*, 278 So. 3d 887, 888 (Fla. 5th DCA 2019) (finding the order requiring association to resume repairs to property was in the nature of an injunction appealable as a non-final order); *Allstate Ins. Co. v. Arvida Corp.*, 421 So. 2d 741, 742–43 (Fla. 4th DCA 1982) (deciding that "the order . . . requires Allstate to perform on the contract and, thus, the judgment could be construed as a . . . mandatory injunction, appealable under Rule 9.130(a)(3)(B)").

On the merits, we conclude that the court erred in granting relief not sought in the pleadings. "As the courts of this state have repeatedly held, a trial court lacks jurisdiction to hear and determine matters that were not the subject of proper pleadings and notice." *BAC Home Loans Servicing, Inc. v. Headley*, 130 So. 3d 703, 705 (Fla. 3d DCA 2013) (citing *Mullne v. Sea–Tech Constr., Inc.*, 84 So. 3d 1247, 1249 (Fla. 4th DCA 2012); *Carroll & Assocs., P.A. v. Galindo*, 864 So. 2d 24, 28 (Fla. 3d DCA 2003); *In re Est. of Hatcher*, 439 So. 2d 977, 980 (Fla. 3d DCA 1983); *Fine v. Fine*, 400 So. 2d 1254, 1255 (Fla. 5th DCA 1981)). "To allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights." *BAC Home*, 130 So. 3d at 705 (quoting *Carroll & Assocs.*, 864 So. 2d at 29).

Appellee did not file a counterclaim demanding specific performance of appellants' duties under the Preferred Contractor Endorsement of the insurance contract. To the contrary, in its affirmative defenses to the declaratory judgment, appellee alleged that appellants had breached the contract by failing to allow repairs and by failing to comply with policy provisions and appellee requested judgment in its favor on appellants' declaratory judgment. It never sought the relief that the trial court ultimately ordered. A motion seeking this relief does not substitute for the assertion of the right to such relief in a pleading. *See Shake v. Yes We Are Mad Grp., Inc.*, 315 So. 3d 1223, 1226 (Fla. 4th DCA 2021).

For the foregoing reasons, we reverse the order granting the motion to compel and remand for further proceedings.

Conner, C.J., Warner and Klingensmith, JJ., concur.

3

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*