# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0077
LT Case No. 2019-CA-005041

_____

PURE POWERSPORTS, LLC and
EMANUEL MANUSUTHAKIS,

     Appellants,

     v.

7529 SALISBURY ROAD
ASSOCIATES, LLC,

     Appellee.

_____


On appeal from the Circuit Court for Duval County.
Robert M. Dees, Judge.

Michael Cavendish, of Cavendish Partners, P.A., Jacksonville, for
Appellants.

H. Timothy Gillis and Jeffrey S. York, of Shutts & Bowen LLP,
Jacksonville, and Alyssa L. Cory of Shutts & Bowen LLP, Tampa,
for Appellee.

July 3, 2025


PRATT, J.

    Pure Powersports, LLC and its owner, Emanuel
Manusuthakis (collectively, "Tenant"), appeal the final summary
judgment awarding damages for unpaid rent and other non-rent

sums to 7529 Salisbury Road Associates, LLC ("Landlord") under a breached commercial lease. Tenant argues that genuine issues of material fact made summary judgment inappropriate. Tenant also argues that the trial court improperly awarded damages for non-rent amounts that Landlord failed to plead. We find no error in, and therefore affirm, the award of unpaid rent. But we reverse in part the final judgment because Landlord did not adequately plead in its complaint an entitlement to the non-rent damages.

## I.

In February 2017, Landlord and Tenant entered into a commercial lease agreement with a ten-year term. Tenant agreed to pay $8,959.83 per month in base rent for the first year and a three percent increase in monthly base rent each following year. The term began 180 days after the February 2017 signing. The lease required that Tenant bear repair and maintenance costs on the property and pay for utilities, real estate taxes, and assessments. Manusuthakis personally guaranteed the lease. Tenant failed to pay rent when it came due in 2017 and 2018. Landlord sent demands for payment of rent in April and June of 2019. When Tenant failed to pay the amounts owed, Landlord filed suit, seeking eviction and damages.

Landlord's complaint contains 29 generally applicable paragraphs prior to its five counts. Those paragraphs identified the lease and the parties, asserted that Tenant defaulted by failing to pay base rent and applicable sales tax, and claimed that Manusuthakis breached his guaranty by failing to cover the amounts owed. Specifically, Paragraph 20 alleged that Tenant owed Landlord for past-due base rent and applicable sales tax, accelerated base rent, and "attorneys' fees, costs and other sums provided in the Lease."

The five counts contained in the complaint are Count I—Tenant Eviction, Count II—Distress for Rent, Count III—Breach of Lease for Rent, Count IV—Breach of Lease for Fill Dirt, and Count V—Breach of Guaranty. Each of these counts incorporates the general allegations of the first 29 paragraphs and claims an entitlement to relief. The Breach of Lease for Rent count notes that "Tenant has failed to pay to Landlord the sums due and owing to

Landlord under the terms of the Lease," and Landlord requested that the Court enter judgment for "damages plus interest, attorneys' fees, costs, and such other and further relief" as the court deemed just and proper. Similar language was used to describe Manusuthakis' liability on the Breach of Guaranty claim. Other counts contained similar prayers for just and proper relief.

The eviction claim was the subject of summary proceedings pursuant to sections 51.011 and 83.21, Florida Statutes (2019). In its primary argument against eviction, Tenant asserted that after delays in repair projects, the parties had mutually modified the date that rent came due. The trial court found in favor of Landlord on the eviction claim in December 2021. The First District Court of Appeal affirmed that decision. *See Pure Powersports, LLC v. 7529 Salisbury Rd. Assocs., LLC*, 343 So. 3d 70 (Fla. 1st DCA 2022). In August 2022, Landlord moved for summary judgment on its Breach of Lease for Rent and Breach of Guaranty claims. Landlord submitted an affidavit and business records that detailed the amounts owed for rent under the lease and the amounts paid for rent by Tenant. Landlord also described expenses it incurred related to repair, maintenance, insurance, utilities, and real estate taxes that the lease obligated Tenant to pay. Neither the complaint nor its attached demand letter specifically identified any of these non-rent items, and the record does not indicate any argument related to these non-rent sums prior to the summary judgment motion.

In its summary judgment motion, Landlord requested that the court award both the rent and non-rent sums due under the lease. In response, Tenant argued that the court lacked jurisdiction to award damages to Landlord for the non-rent sums because they were not properly pleaded in Landlord's complaint. The trial court granted Landlord's motion for summary judgment and entered final judgment, awarding both the rent and non-rent sums to Landlord for a total of $624,836.25. This appeal followed.

## II.

Tenant argues that Landlord failed to plead the non-rent damages that the trial court awarded on summary judgment, and as a result, the trial court lacked jurisdiction to award the non-rent

3

damages. Landlord claims that its requests for amounts owed under the lease were sufficient to permit an award of the non-rent damages. We agree with Tenant.

Florida Rule of Civil Procedure 1.110 mirrors federal pleading rules and requires that each pleading contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief," along with "a demand for judgment for the relief to which the pleader deems the pleader is entitled." Fla. R. Civ. P. 1.110(b)(2)–(3); *see* Fed. R. Civ. P. 8(a)(2)–(3). "Courts generally are unauthorized to award relief not requested in the parties' pleadings." *Doddapaneni v. Doddapaneni*, 319 So. 3d 172, 173 (Fla. 5th DCA 2021); *see BAC Home Loans Servicing, Inc. v. Headley*, 130 So. 3d 703, 705 (Fla. 3d DCA 2013) ("[A] trial court lacks jurisdiction to hear and determine matters that were not the subject of proper pleadings and notice.").

Landlord's complaint itself shows the difference between properly and improperly pleaded claims. The claim seeking damages for unpaid rent is specifically identified with a heading and count number. The complaint notes that that rent was due starting at a certain date and that Tenant defaulted on the lease by failing to pay rent when due. It requested damages specifically for Tenant's failure to pay rent. This claim for damages contains ultimate facts showing Landlord's entitlement to relief, and it demands judgment granting that relief.

But Landlord's claim for non-rent damages is different. Other than attaching a copy of the lease itself, the complaint contains no reference to insurance, property taxes, maintenance, repair, or utilities. The complaint does not describe any facts showing that Tenant failed to pay for insurance, property taxes, maintenance, repair, or utilities. It does not specifically demand damages to compensate for Landlord's payment of these non-rent items. *See Taneja v. First St. & Fifth Ave., LLC*, 310 So. 3d 1275, 1275–76 (Fla. 2d DCA 2021). The only possible grounds on which to base an award of these costs are general claims to "the sums due and owing to Landlord under the terms of the Lease," "other sums provided in the Lease," and Landlord's request for "such other and further relief as [the trial court] deems just and proper."

A request for "such other relief as the court deems just and proper" is a boilerplate request that cannot form the sole basis of an award. *BAC Home Loans Servicing, Inc.*, 130 So. 3d at 706. Similarly, "a well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached." *City of Delray Beach v. Sherman Williams Am. Legion, Post 188*, 358 So. 3d 440, 443 (Fla. 4th DCA 2023). A generic reference to some failure on the part of a defendant that fails to identify the breached contractual provision is insufficient. *See Cruz v. Underwriters at Lloyd's London*, No. 8:14-cv-1539-T-33TBM, 2014 WL 3809179, at *2 (M.D. Fla. Aug. 1, 2014) (dismissing a breach of contract claim under an insurance policy because the plaintiff did not identify the contractual provision the insurer allegedly breached, even though the plaintiff alleged the insurer breached the policy by failing to acknowledge the covered loss and by failing to pay the benefits due and owing under the policy). As to the non-rent damages, Landlord's complaint contained only generic references to money owed. Landlord's complaint did not identify any specific provisions of the contract that Tenant breached in connection with such non-rent sums. Thus, Landlord's complaint provided insufficient notice to Tenant about the non-rent breaches that Landlord sought to assert at summary judgment.

## III.

Because Landlord failed to sufficiently plead the non-rent damages awarded on summary judgment, we reverse that part of the trial court's order and remand with instructions to award only the rent damages.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

LAMBERT and BOATWRIGHT, JJ., concur.

5

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____